ANDREW S. AZARMI (SBN 241407)
andrew.azarmi@dentons.com
DENTONS US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
Telephone:     415.267.4000
Facsimile:     415.267.4198

Attorneys for Defendants ECC CENTCOM
Constructors, LLC and ECC International, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| ASPIC ENGINEERING AND CONSTRUCTION COMPANY,<br><br>       Plaintiff,<br><br>  v.<br><br>ECC CENTCOM CONSTRUCTORS, LLC AND ECC INTERNATIONAL, LLC,<br><br>       Defendants. | Case No. 17-CV-00224-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br><br>**RESPONSE TO PETITION TO CONFIRM AND CORRECT THE ARBITRATION AWARD**<br><br>Hearing Date:     March 28, 2017, 2:00p.m.<br><br>Original petition filed:  December 28, 2016<br><br>Removal filed:     January 17, 2017 |

# TABLE OF CONTENTS

Page

I.  STANDARD OF REVIEW ......................................................................... 2

II. ARGUMENT ........................................................................................... 3

   A. The Court Should Not Confirm the Arbitral Award .............................. 3

   B. The Court Should Deny Aspic's Request for "Correction" of the Arbitral Award to Reverse the Arbitrator's Decision Denying Aspic Recovery of Attorney's Fees ...................................................................................... 4

      1. Aspic Impermissibly Characterizes the Relief It Seeks as a "Correction" of the Attorney's Fees and Costs Award, When in Reality It Seeks Vacatur of the Award ........................................... 5

      2. The Arbitrator Did Not "Exceed His Authority" When Determining Aspic Was Not Entitled to Recover Its Attorney's Fees ........................... 6

         a) California Civil Code § 1717 Does Not Require the Award of Attorney's Fees to Aspic ............................................. 7

         b) California Civil Procedure § 998 Does Not Require the Award of Attorney's Fees to Aspic ............................................. 8

   C. Aspic's Request for $1.3 Million in Attorney's Fees Is Unreasonable and Unwarranted ...................................................................................... 9

      1. $750 Per Hour Is Not a Reasonable Hourly Rate ...................................... 10

      2. 540.79 Hours Is Not a Reasonable Amount of Hours ............................... 11

         a) Aspic's Counsel's Hours Should Be Reduced by 35.97 Hours to Eliminate Work Not Related to the Arbitration ............. 12

         b) Aspic's Counsel's Billed Hours Include Unnecessary and Duplicative Work ........................................................... 12

         c) Aspic's Counsel's Hours Include Clerical and Administrative Tasks ......................................................... 14

         d) Aspic's Request Should Be Decremented to Account for Its Partial Recovery .......................................................... 16

      3. The Request for a Multiplier Is Unjustified and Provides a Windfall to Aspic's Counsel ................................................................... 17

III. CONCLUSION ........................................................................................ 18

**Cases**

*Biller v. Toyota Motor Corp.*,
    668 F.3d 655 (9th Cir. 2012)..................................................................................6, 8

*Chanel, Inc. v. Doan*,
    No. C 05-03464 VRW, 2007 WL 781976 (N.D. Cal. Mar. 13, 2007)....................................10

*City of Burlington v. Dague*,
    505 U.S. 557 (1992) .............................................................................................17

*Collins v. D.R. Horton, Inc.*,
    505 F.3d 874 (9th Cir. 2007)....................................................................................3

*Comedy Club, Inc. v. Improv W. Associates*,
    553 F.3d 1277 (9th Cir. 2009).....................................................................................6

*Diamond v. John Martin Co.*,
    753 F.2d 1465 (9th Cir. 1985)....................................................................................9

*Ecco-Phoenix Elec. Corp. v. Howard J. White, Inc.*,
    1 Cal. 3d 266 (1969) ..............................................................................................8

*Fid. Fed. Bank, FSB v. Durga Ma Corp.*,
    386 F.3d 1306 (9th Cir. 2004)....................................................................................8

*G.C. & K.B. Investments, Inc. v. Wilson*,
    326 F.3d 1096 (9th Cir. 2003)....................................................................................5

*Garnes v. Barnhardt*,
    No. C 02-4428 VRW, 2006 WL 249522 (N.D. Cal. Jan. 31, 2006) ........................................10

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ..........................................................................................12, 16

*Hoffman v. Cargill Inc.*,
    236 F.3d 458, 461–62 (8th Cir.2001) ...........................................................................6

*Hsu v. Abbara*,
    9 Cal. 4th 863 (1995) .............................................................................................7

*Jordan v. Multnomah Cty.*,
    815 F.2d 1258 (9th Cir. 1987)....................................................................................9

102460090\V-6

*Keith v. Volpe*,
    644 F. Supp. 1312 (C.D. Cal. 1986) ........................................................................14

*Kerkeles v. City of San Jose*,
    243 Cal. App. 4th 88 (2015), *review denied* (Mar. 23, 2016) ..................................13

*LaPine v. Kyocera Corp.*,
    No. C 07-06132 MHP, 2008 WL 2168914 (N.D. Cal. May 23, 2008) ........................2

*Missouri v. Jenkins by Agye*i,
    491 U.S. 274 (1989) ...................................................................................................14

*Mitchell v. Tillett*,
    No. 15-CV-04044-VC, 2016 WL 6436820 (N.D. Cal. Oct. 28, 2016) ..............2, 4, 5

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
    478 U.S. 546 (1986) ..............................................................................................9, 17

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
    483 U.S. 711 (1987) ............................................................................................17, 18

*Ryan v. Editions Ltd. W., Inc.*,
    786 F.3d 754 (9th Cir.), *cert. denied*, 136 S. Ct. 267, 193 L. Ed. 2d 136 (2015) ...................13

*Sokolow v. Cty. of San Mateo*,
    213 Cal. App. 3d 231 (1989) .....................................................................................16

*Sovak v. Chugai Pharm. Co.*,
    280 F.3d 1266 (9th Cir.), opinion amended .................................................................2

**Statutes**

United States Code, Title 9
    § 1 *et seq.* ....................................................................................................................1
    § 9.................................................................................................................................2
    § 10...............................................................................................................................1
    § 10(a)(1)-(4)...............................................................................................................3
    § 10(a)(4).....................................................................................................................5
    § 10(b).........................................................................................................................6
    § 11...............................................................................................................................5
    § 11(a)-(c)................................................................................................................3, 5
    § 202............................................................................................................................2
    § 207.......................................................................................................................2, 3
    § 208.......................................................................................................................2, 4

- iii -

CASE NO. 17-CV-00224-YGR
RESPONSE TO PETITION TO CONFIRM
AND CORRECT THE ARBITRATION
AWARD

102460090\V-6

California Civil Code
    § 998.............................................................................................................7, 8, 9
    § 998(d) ....................................................................................................................9
    § 1717 .......................................................................................................................7
    § 1717(b)(1) .............................................................................................................7

**Other Authorities**

Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the
    "New York Convention")
    Art. V.1(e) and 2(b).................................................................................................4

United States Department of Labor, Occupational Employment Statistics,
    May 2015: Lawyers, http://www.bls.gov/oes/current/oes231011.htm (last
    visited Feb. 6, 2017)..............................................................................................10

Ronald L. Burdge, Esq.,
    United States Consumer Law Attorney Fee Survey Report 2013-2014 49 (May
    2015), https://www.nclc.org/images/pdf/litigation/fee-survey-report-2013-
    2014.pdf ................................................................................................................11

USAO Attorney's Fees Matrix - 2015-2017,
    https://www.justice.gov/usao-dc/file/889176/download (last visited Feb. 6,
    2017) .....................................................................................................................10

Plaintiff and Arbitration-Claimant, Aspic Engineering and Construction Company ("Aspic"), has moved: (1) to confirm the portion of a November 14, 2016 arbitration award granting Aspic certain contract costs; and (2) to "correct" the arbitrator's decision not to award Aspic attorney's fees. *See* Pet. to Confirm and Correct the Arbitration Award (the "Petition") (ECF No. 17-1). Defendants and Arbitration-Respondents, ECC CENTCOM Constructors, LLC and ECC International, LLC (together "ECC"), oppose Aspic's request.

ECC is concurrently filing a Motion to Vacate Final Arbitration Award Pursuant to 9 U.S.C. § 10 (the "Motion to Vacate") (ECF No. 19) pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and its implementing provisions in the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.* As set forth in ECC's Motion to Vacate, the November 14, 2016 arbitral award should be vacated in its entirety because the arbitrator exceeded his authority when he manifestly disregarded the law and issued a decision on matters that were not submitted to him. Vacatur of the November 14, 2016 arbitration award resolves Aspic's request for partial confirmation of the arbitration award and moots Aspic's request that the arbitration award be "corrected" to reverse the arbitrator's decision not to award Aspic attorney's fees.

In the alternative, if the Court does not vacate the entire November 14, 2016 arbitral award, the Court should deny Aspic's request that the arbitral award be corrected to add attorney's fees. The FAA's provisions for correcting an award do not provide a mechanism for the Court to revisit an arbitrator's decision not to award attorney's fees. The appropriate remedy where, as here, a party alleges that an arbitrator disregarded the law is for the party to seek vacatur of the award (the same remedy ECC seeks in the Motion to Vacate). While ECC agrees that the entire award should be vacated, Aspic has not established any basis to partially confirm the arbitral award while vacating the arbitrator's decision not to award attorney's fees. Indeed, the arbitrator's decision not to award attorney's fees to Aspic was based upon the exercise of reasonable discretion that Aspic was not the prevailing party because it recovered less than 50 percent of the damages sought in the arbitration.

102460090\V-6

## I. STANDARD OF REVIEW

The New York Convention applies to the enforcement of arbitration awards between a United States citizen and the citizen of a foreign nation. 9 U.S.C. § 202; *LaPine v. Kyocera Corp.*, No. C 07-06132 MHP, 2008 WL 2168914, at *3–4 (N.D. Cal. May 23, 2008). The FAA implements the New York Convention and provides the applicable procedures for confirming, correcting, or vacating an award. 9 U.S.C. § 208; *Mitchell v. Tillett*, No. 15-CV-04044-VC, 2016 WL 6436820, at *1 (N.D. Cal. Oct. 28, 2016). These provisions preempt state law regarding the enforcement of arbitration awards, including when state law is applied through a contractual "choice of law" provision. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269-70 (9th Cir.), opinion amended on denial of reh'g, 289 F.3d 615 (9th Cir. 2002) ("[T]he strong default presumption is that the FAA, not state law, supplies the rules for arbitration . . . [even] a general choice-of-law clause within an arbitration provision does not trump the presumption that the FAA supplies the rules for arbitration.").

The New York Convention (as implemented by the FAA) applies in this case because Aspic is a corporate entity organized under the laws of Afghanistan and ECC is a citizen of the United States.[1] *See* Pet.; Notice of Removal (ECF No. 1). Accordingly, an arbitral award will be confirmed unless one of the grounds for the Court to refuse to enforce the award is provided, such as grounds for vacatur or correction of the award. 9 U.S.C. § 207; *see also* 9 U.S.C. § 9; *Mitchell*, 2016 WL 6436820, at *1. An award is properly vacated:

> (1) Where the award was procured by corruption, fraud, or undue means;
>
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any

---

[1] The Petition cites California law regarding the enforcement of arbitral awards. *See, e.g.,* Pet. at 3, 5-6. California law is inapplicable to this proceeding because it is preempted to the extent it is inconsistent with the FAA and the New York Convention. ECC met and conferred with Aspic and discussed a stipulated scheduling order that would permit Aspic to re-file its Petition. Aspic declined ECC's overture and intends to rely upon the Petition as originally filed prior to removal.

102460090\V-6

other misbehavior by which the rights of any party have been prejudiced; or

(4)   Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a)(1)-(4).  Modification or correction of an award, however, is appropriate:

(a)   Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b)   Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c)   Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. §11(a)-(c).  The party requesting vacatur or correction of the arbitral award has the burden of proving the award should be vacated or corrected.  *Collins v. D.R. Horton, Inc.,* 505 F.3d 874, 879 (9th Cir. 2007).

## II.   **ARGUMENT**

The Petition contains two distinct requests from the Court.  First, Aspic requests the Court confirm the arbitral award of $1,072,520.90 to Aspic.  Second, Aspic requests the Court "correct" the arbitrator's decision that Aspic was not the prevailing party and, therefore, was not entitled to an award of attorney's fees.  The Court should not confirm the arbitral award and, instead, should vacate the arbitral award for the reasons set forth in ECC's Motion to Vacate.  Even if the Court determines the award should be confirmed (it should not), there is no basis for the Court to revisit the arbitrator's decision not to award Aspic attorney's fees.

### A.   **The Court Should Not Confirm the Arbitral Award**

The November 14, 2016 arbitration award should not be confirmed.  An arbitral award cannot be confirmed if the Court finds that "one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said [New York] Convention" exists.  9 U.S.C. § 207.  Under the New York Convention, the "[r]ecognition and enforcement of the award may be refused, at the request of the party against whom it is invoked" if the award "has been set

aside or suspended by a competent authority of the country in which, or under the law of which, that award was made" or "would be contrary to the public policy of that country." New York Convention at Art. V.1(e) and 2(b).

The FAA is the United States domestic law for determining enforcement of arbitral awards. 9 U.S.C. § 208; *Mitchell*, 2016 WL 6436820, at *1. Concurrent with the filing of this response, ECC timely filed a Motion to Vacate the arbitral award under the FAA because the arbitrator: (1) exceeded his authority by manifestly disregarding the law and making an award that was completely irrational; and (2) engaged in misbehavior that prejudiced ECC. The Court should grant the Motion to Vacate for the reasons set forth therein, thereby rendering as moot Aspic's request that the arbitral award be confirmed.

**B.** **The Court Should Deny Aspic's Request for "Correction" of the Arbitral Award to Reverse the Arbitrator's Decision Denying Aspic Recovery of Attorney's Fees**

The November 14, 2016 arbitral award concluded there was no prevailing party in the arbitration and, therefore, each party would bear its own attorney's fees and costs. *See* Final Award at 1 (ECF No. 20-9). The Petition asserts that the arbitrator "exceeded his authority" when making this decision and requests the Court "correct" this decision by issuing a *de novo* decision on the merits. Pet. at 1-2, 6-9. The Court should deny this request.

As discussed above, the Court should grant ECC's Motion to Vacate which will moot Aspic's request that the attorney's fees portion of the Final Award be revisited. Even if the Court concludes that vacatur of the entire November 14, 2016 arbitral award is not warranted (it is), the Court still should not "correct" the award by reversing the arbitrator's decision that Aspic is not a prevailing party and, therefore, not entitled to attorney's fees. First, although styled as a request that the award be "corrected," Aspic's claim, if sustained, requires vacatur of the award—not the correction of the award. Correction of an award is limited to addressing misstatements or miscalculations that do not alter the arbitrator's intent. Second, and more importantly, the arbitrator did not exceed his authority when he determined not to award Aspic attorney's fees. The Court, therefore, should not disturb this decision. Finally, if the Court undertakes a *de novo*

102460090\V-6

1  review (it should not), the Court should conclude that Aspic is not entitled to any attorney's fees,

2  let alone the $1,307,520 of attorney's fees Aspic now claims.

3          1.      Aspic Impermissibly Characterizes the Relief It Seeks as a "Correction" of
                   the Attorney's Fees and Costs Award, When in Reality It Seeks Vacatur of
4                  the Award

5          The Petition characterizes Aspic's request that the Court review the arbitrator's decision

6  not to award attorney's fees to either party as a request for "correction" of the award. Pet. at 1-2,

7  15-16. This characterization is apparently intended to suggest the Court may address this matter

8  without vacating the underlying award and without deference to the arbitrator's decision. This is

9  incorrect. The assertion that the arbitrator "exceeded his authority" is the basis for vacatur—not

10 correction—of an award. This distinction is important because it affects the remedies available to

11 the parties and the standard of review the Court should apply.

12         The FAA provides that the Court "may modify and correct the award, so as to effect the

13 intent thereof . . . ." 9 U.S.C. § 11 (emphasis added). In other words, the correction of an award

14 is intended to address ministerial errors in the award that do not affect the outcome. *See G.C. &*

15 *K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1106 (9th Cir. 2003). This is further confirmed

16 by the three bases for modifying or correcting an award: (1) miscalculation of figures or a

17 mistake in the description of property; (2) when an award includes matters not submitted to the

18 arbitrator; or (3) when "the award is imperfect in matter of form not affecting the merits of the

19 controversy." 9 U.S.C. § 11(a)-(c) (emphasis added). Aspic's allegation that the arbitrator made

20 an incorrect legal determination regarding attorney's fees does not fit within any of these three

21 limited bases for correction of award. Rather, Aspic's assertion that the arbitrator "exceeded his

22 authority" is one of the explicit bases for vacatur under the FAA. 9 U.S.C. § 10(a)(4); *Mitchell,*

23 2016 WL 6436820 at *1.

24         The Court should assess the arbitrator's decision not to award Aspic its attorney's fees

25 under the FAA's vacatur provisions and the decisional law interpreting those provisions. To the

26 extent the Court determines the arbitrator erred when making his decision, the appropriate remedy

27 is vacatur of the decision (the same relief sought by ECC on different grounds). The remedy

28

102460090\V-6

provided under the FAA once an award has been vacated is for the Court to make a discretionary determination whether to "direct a rehearing by the arbitrators." 9 U.S.C. § 10(b).

Aspic's Petition, when properly viewed as requesting vacatur of the award, seeks the same relief ECC seeks in its Motion to Vacate, albeit on different grounds. ECC, therefore, agrees that the entire arbitral award should be vacated. ECC, however, anticipates that Aspic would seek only the vacatur of the portion of the award related to attorney's fees while preserving the underlying $1 million judgment against ECC. Notably, Aspic has not articulated any authority for a bifurcated or limited vacatur of the award. In any case, the arbitrator made a reasoned determination that Aspic was not the prevailing party in the arbitration and was not entitled to attorney's fees. This decision should not be revisited for the reasons set forth below.

>    2.    The Arbitrator Did Not "Exceed His Authority" When Determining Aspic Was Not Entitled to Recover Its Attorney's Fees

Aspic alleges California law required the arbitrator to award attorney's fees and costs to Aspic because Aspic made settlement offers to ECC that were more favorable (*i.e.* provided for payment of a smaller amount) than the judgment received in the arbitration. Pet. at 6-9. Aspic concludes that the arbitrator's failure properly to apply California law resulted in the arbitrator "exceeding his authority." *Id.* Aspic is wrong.

In order to demonstrate that the arbitrator exceeded his authority, Aspic must show that the award: (1) is "completely irrational;" or (2) manifestly disregards the law. *Comedy Club, Inc. v. Improv W. Associates*, 553 F.3d 1277, 1288 (9th Cir. 2009); *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012). An arbitration award is completely irrational when it "fail[ed] to draw its essence from the agreement." *Comedy Club, Inc.*, 553 F.3d at 1288 (citing *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461–62 (8th Cir.2001)). "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. . . . To vacate an arbitration award on this ground, it must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (citations omitted). Aspic cannot establish either basis for disrupting the arbitrator's decision not to award Aspic attorney's fees.

Aspic cites two provisions of California law regarding the recovery of attorney's fees to support its assertion the arbitrator exceeded his authority: (a) California Civil Code § 1717; and (b) California Civil Procedure § 998. Each provision is addressed in turn.

a) California Civil Code § 1717 Does Not Require the
Award of Attorney's Fees to Aspic

Aspic's Request for Attorney's Fees that was submitted to the arbitrator on October 11, 2016 explicitly asserted the arbitrator was required to apply the definition of "prevailing party" from California Civil Code § 1717 and should not look to the terms of the parties' subcontracts to determine which party was the prevailing party.[2]  Aspic Att'y Fee Br. at ¶ 7 (ECF No. 20-7). Specifically, Aspic asserted that:

> ECC's contract in paragraph 12.4 (e) contained a provision that seeks to illegally change the definition of prevailing party in violation of California Civil Code § 1717. California case law has determined that any change in how a prevailing party is defined is void. ". . . The definition of "prevailing party" in Civil Code section 1717 is mandatory and cannot be altered or avoided by contract. (*Santisas v. Goodin*, 17 Cal.4th at pp. 615-617, 71 Cal.Rptr.2d 830, 951 P.2d 399.) Contractual provisions that conflict with the 'prevailing party' definition under section 1717 are void." *Exxess Electronixx v. Heger Realty Corp.*, 75 Cal.Rptr.2d 376, 383, 64 Cal.App.4th 698 (1998).

*Id.* California Civil Code § 1717, in turn, provides that:

> [T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

Cal. Civ. §1717(b)(1) (emphasis added). "The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995) (emphasis added) (citations omitted).

ECC asserted in its opposition to Aspic's request for attorney's fees that Aspic was not the "prevailing party" under this definition because Aspic recovered less than 50 percent of the

---

[2] To the extent Aspic now asserts that the subcontract provisions require the award of attorney's fees to Aspic, this assertion is inapposite to the argument that Aspic presented to the arbitrator.

102460090\V-6

amounts it claimed—Aspic sought over $2.3 million and received a judgment of $1.07 million. ECC Att'y Fee Br. at 5 (ECF No. 20-8). In fact, ECC would qualify as the prevailing party under this definition, as it successfully defended itself against the majority of Aspic's claims. *Ecco-Phoenix Elec. Corp. v. Howard J. White, Inc.*, 1 Cal. 3d 266, 274 (1969) (defendant can recover "costs and attorney's fees for that part of its defense which countered plaintiff's invalid claims-i.e., which was successful."). ECC, however, asserted the arbitrator should conclude there was no prevailing party in the case. ECC Att'y Fee Br. at 5.

In sum, the arbitrator applied the definition that Aspic asserted was required and rendered a conclusion that is expressly permitted under the definition—there was no prevailing party. There is no basis to conclude this decision was incorrect, let alone that this conclusion was irrational or reflected a manifest disregard of the law.

> b) California Civil Procedure § 998 Does Not Require the Award of Attorney's Fees to Aspic

Aspic also asserts that California Civil Procedure § 998 required the arbitrator to award attorney's fees to Aspic. Pet. at 8-9. California Civil Procedure § 998 provides for the recovery of attorney's fees when a party makes an offer of settlement that is rejected and then receives a more favorable judgment. Cal. Civ. P. § 998. This provision, however, does not apply to the parties' arbitration and, contrary to Aspic's assertion, does not require the payment of attorney's fees.

Aspic's Request for Attorney's Fees that was submitted to the arbitrator made no reference to California Civil Procedure § 998. *See, generally,* Aspic Att'y Fee Br. Aspic raised this issue for the first time in the Petition. Aspic's failure to previously raise these issues simply cannot result in the arbitrator making a decision that manifestly disregarded the law because the law was never presented in the case, meaning the record simply cannot establish that the arbitrator recognized and failed to apply this law. *See Biller*, 668 F.3d at 665. Moreover, the rules of California civil procedure are inapplicable to the arbitration or the Court's review of the arbitration, which are subject to the parties' agreed upon forum rules (the American Arbitration Association) and the Federal Rules of Civil Procedure, respectively. *See Fid. Fed. Bank, FSB v.*

CASE NO. 17-CV-00224-YGR
RESPONSE TO PETITION TO CONFIRM
AND CORRECT THE ARBITRATION
AWARD

*Durga Ma Corp.*, 386 F.3d 1306, 1311-12 (9th Cir. 2004).

In any case, even if California Civil Procedure § 998 applies, it does not require the arbitrator (or the Court) to award attorney's fees. ECC challenged Aspic's reliance on its settlement offers in the case because the settlement offers were made before Aspic amended its claim to demand payment of $2.3 million. ECC Att'y Fee Br. at 4. ECC, therefore, disputed that Aspic had ever made an offer of settlement of the amended claim. *Id.* In any case, California Civil Procedure § 998 expressly provides that when a plaintiff's offer of settlement is rejected and the plaintiff receives a more favorable judgment, the "arbitrator, <u>in its discretion</u>, <u>may</u> require defendant to pay a reasonable sum . . . ." Cal. Civ. Proc. § 998(d) (emphasis added). This provision is discretionary; it permits, <u>but does not require</u>, the arbitrator to award attorney's fees. Here, the arbitrator affirmatively decided not to award Aspic such costs.

The decision not to award attorney's fees and costs is neither a manifest disregard of a law because the law confers that discretion on the arbitrator nor is that decision "clearly irrational" because there was no prevailing party and ECC successfully resisted the majority of Aspic's claims.

### C.   <u>Aspic's Request for $1.3 Million in Attorney's Fees Is Unreasonable and Unwarranted</u>

Even if the Court concludes the arbitrator "exceeded his authority" when determining that Aspic was not entitled to recover any attorney's fees and the Court concludes that the Court may "correct" this matter through a *de novo* review of this issue (and not vacatur), the Court should not award Aspic the $1.3 million in fees sought in the Petition. The requested amount is unsupported and unreasonable.

Aspic bears the burden of proving its claimed attorney's fees and costs are reasonable. *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985) ("[T]he burden of proof is on the party seeking the attorney fee award."). "The most useful starting point for determining the amount of a reasonable fee is the number of hours <u>reasonably expended</u> on the litigation multiplied by a <u>reasonable</u> hourly rate." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546,

565 (1986), *supplemented*, 483 U.S. 711 (1987)) (emphasis added). Aspic seeks to obtain an award for attorney's fees based upon an hourly rate of $750 multiplied by an asserted 581.12 hours of work ($435,840). Aspic then requests the Court apply a two to three times "risk multiplier," increasing the total requested award to between $871,680 and $ 1,307,520.[3] Aspic's request is unreasonable because: (1) $750 is not a reasonable hourly rate; (2) 581.12 hours are not reasonable for the work performed during the arbitration; and (3) a risk multiplier is not justified.

## 1. **<u>$750 Per Hour Is Not a Reasonable Hourly Rate</u>**

A rate of $750 per hour is unreasonable in light of the complexity of the case and the prevailing rates within California as established by objective metrics. The appropriate rate for a California civil litigator is between $450 and $500 per hour.

The courts commonly look to the USAO Attorney's Fees Matrix (formerly known as the Lafferty Matrix), which provides rates accepted in Washington, D.C. area courts, as a reliable official source of rates and to adjust that rate to a reasonable rate for a local lawyer based upon federal wage data. *See, e.g., Garnes v. Barnhardt,* No. C 02-4428 VRW, 2006 WL 249522, at *7 (N.D. Cal. Jan. 31, 2006)*; Chanel, Inc. v. Doan,* No. C 05-03464 VRW, 2007 WL 781976, at *6-7 (N.D. Cal. Mar. 13, 2007). For 2016, the USAO Attorney's Fees Matrix provides a rate of $543 per hour as a reasonable rate for an attorney with 21-30 years of experience. USAO Attorney's Fees Matrix - 2015-2017 https://www.justice.gov/usao-dc/file/889176/download (last visited Feb. 6, 2017). The Department of Labor - Bureau of Labor Statistics provides that the annual mean wage for lawyers in the Washington, D.C. metropolitan area is $166,590. United States Department of Labor, Occupational Employment Statistics, May 2015: Lawyers, http://www.bls.gov/oes/current/oes231011.htm (last visited Feb. 6, 2017). The annual mean wage for a lawyer in San Diego is $139,440. *Id*. Based upon these statistics, Washington D.C. has a 16 percent higher average wage for lawyers compared to San Diego. Applying a comparable reduction provides a reasonable hourly rate of $454.50 for a San Diego lawyer with 27 years of experience.

---

[3] During the arbitration, Aspic sought the application of a four-times risk multiplier. Aspic Att'y Fee Br. at ¶ 37.

Moreover, a United States Consumer Law Attorney Fee Survey Report from 2013-2014 provides that the average rate for all attorneys with a primary practice area of consumer law in California is $425 per hour, with a median of 14 years in practice. *See* Ronald L. Burdge, Esq., United States Consumer Law Attorney Fee Survey Report 2013-2014 49 (May 2015), https://www.nclc.org/images/pdf/litigation/fee-survey-report-2013-2014.pdf. The report provides an average rate of $400 an hour for the southern region of the state. *Id*. The 75th percentile median attorney rate for all attorneys in California is $500 per hour. *Id*.

Based upon these objective resources, the appropriate "reasonable" rate is $450, not $750 an hour. The sole support Aspic provides for a rate of $750 per hour is an affidavit of a single practitioner, Mr. Graham Hollis, in San Diego who practices in class-action labor disputes and who asserts that his rate of $750 an hour was upheld in a single case in 2016 in the San Diego Superior Court. Pet. at 11-12. Mr. Hollis opines that, based upon information provided to him by Aspic's counsel, Mr. Walt Pennington, Mr. Pennington should be paid a similar rate in this case. Critically, Mr. Pennington provides no additional support for his alleged entitlement to a rate of $750 an hour and does not identify any prior case in which he has been awarded attorney's fees approximating $750 per hour.

### 2. 540.79 Hours Is Not a Reasonable Amount of Hours

Aspic seeks recovery for 581.12 hours expended in this case: 540.79 hours for the efforts expended by Aspic's counsel during the arbitration and an additional 40.33 hours for Aspic's efforts preparing the Petition. ECC focuses on the 540.79 hours that were expended in the arbitration and that were part of Aspic's request for attorney's fees to the arbitrator. To the extent Aspic prevails in its case before this Court, Aspic would then (and only then) be permitted to file a request for attorney's fees related to its prosecution of this action before the Court.

This 540.79 hours expended during the arbitration is unreasonable because it: (a) reflects time unrelated to the arbitration that is not compensable; (b) reflects vague, unsupported block billing that includes duplicative and unnecessary tasks; (c) includes administrative and clerical tasks that are not compensable at an attorney's hourly rate; and (d) does not account for the fact

that Aspic only recognized a partial recovery on its claims.

        a)       Aspic's Counsel's Hours Should Be Reduced by 35.97 Hours to Eliminate Work Not Related to the Arbitration

Aspic's unreasonable request includes 24.39 hours that were incurred prior to the filing of the arbitration. Pet. at 13. Aspic is only entitled to costs <u>incurred or necessitated</u> by the arbitration proceeding, <u>not</u> costs and fees related to the mediation that preceded the arbitration. Sheberghan Subcontract at ECC-000144 (ECF No. 20-10); Badghis Subcontract at ECC-000014 (ECF No. 20-11). While ECC acknowledges that Aspic's counsel might have expended some effort for the arbitration prior to actually initiating the arbitration, Aspic bears the burden of proving that such costs are related to the arbitration, a burden that Aspic fails to meet. ECC, therefore, requests these 24.39 hours, in addition to any other costs incurred prior to the arbitration filing, be removed prior to any award.

Aspic's counsel also appears to have entries that are unrelated and unnecessary to this lawsuit. For example, Aspic's counsel has entries on February 18, 2016, February 22, 2016, February 23, 2016, and May 10, 2016 totaling 11.58 hours during which other cases were researched or Aspic's counsel attempted to obtain information from foreign companies concerning ECC.

The removal of the 24.39 hours related to the mediation and the 11.58 hours related to other cases reduces the total hours to 504.82 hours.

        b)       Aspic's Counsel's Billed Hours Include Unnecessary and Duplicative Work

A prevailing party is not entitled to recover for hours that are not "reasonably expended," which consists of hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). It is impossible, however, to ascertain whether the amount of time expended by Aspic's counsel for particular tasks are "reasonably expended" or were "excessive" based upon Aspic's counsel's block-billing. ECC, therefore, requests a reduction based upon Aspic's counsel's block-billing.

A court, in his discretion, may "reduce the requested fee amount to account for the

102460090\V-6

potential inflation of hours that may result from block billing." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 765 (9th Cir.), *cert. denied*, 136 S. Ct. 267, 193 L. Ed. 2d 136 (2015). Indeed, in California, courts "may impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation" when amounts are block-billed. *Kerkeles v. City of San Jose*, 243 Cal. App. 4th 88, 103 (2015), *review denied* (Mar. 23, 2016) (citations omitted). Because it is not possible to ascertain the reasonableness of the time Aspic's counsel spent on separate tasks based upon block-billing, ECC requests the proposed hours be reduced by ten percent.

ECC also requests an additional reduction in hours to account for Aspic's counsel's engagement in efforts that were excessive, redundant, or unnecessary. For example, as related to research, Aspic's counsel's time entries include the following:

| Date | Description | Time |
|------|-------------|------|
| 12/1/2015 | I received an email from Kevin Kelly concerning mediation. <u>I researched condition precedent related to contracts.</u> I consulted a colleague concerning condition precedent. | 2.70 |
| 1/27/2016 | I researched issues concerning damages and evidence. | 1.0 |
| 2/8/2016 | Research on damages. | 0.43 |
| 2/11/2016 | I researched mobilization and evidence at the trial. | 1.0 |
| 2/26/2016 | I traveled to the Law Library and researched issues on discovery for the case. | 1.80 |
| 3/3/2016 | I prepared the answers to the interrogatories and request for production of documents. <u>I researched condition precedent and contract law</u>. | 3.75 |
| 7/8/2016 | I prepared for the arbitration hearing. <u>I researched issues of proof.</u> I reviewed the evidence. I prepared a letter to Tony Nolen and Joe Martinez with the evidence. | 2.56 |
| 7/10/2016 | I spoke and had several emails with Omar. <u>I researched issues related to damages for the hearing</u>. | 4.20 |
| 7/16/2016 | I organized the documents for the hearing. <u>I researched issues on damages.</u> I stated organization the information for the opening arguments and other pretrial motions. | 7.20 |
| 8/12/2016 | <u>I researched legal issues</u> and prepared the post-hearing brief. | 11.28 |
| 8/13/2016 | I prepared the post-hearing brief and <u>researched issues at the</u> | 14.07 |

| Date | Description | Time |
|---|---|---|
|  | Law Library. |  |
| 8/14/2016 | I prepared the Claimant's Post-Hearing Brief and <u>researched issues</u> for the brief. | 14.10 |
| 8/15/2016 | I prepared the Claimant's Post-Hearing Brief, <u>researched issues</u>, completed a final review and organized the legal research. | 17.52 |

Several of these entries contain duplicative work, such as research on conditions precedent and research on damages, and <u>all</u> of the entries are extremely vague (especially the description "researched issues"). Based upon the vagueness and, therefore, the inability to determine whether the work was duplicative, unnecessary, or excessive, ECC requests further reduction in Aspic's counsel's asserted hours by another ten percent. This reduces the total hours to 408.9.

c) Aspic's Counsel's Hours Include Clerical and Administrative Tasks

ECC also requests a further adjustment to address the fact that clerical and administrative tasks undertaken by Aspic's counsel are included in the total hours. These tasks are not compensable at the hourly rate for legal services. Specifically, "[i]t is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 fn. 10 (1989) (citations omitted). Indeed, courts have held that time expended performing clerical tasks should be removed from the lodestar calculation because these amounts "<u>should be covered in hourly rates as normal overhead</u>." *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986) (emphasis added). As relevant to this reduction, Aspic's counsel's invoice contains the following entries:

| Date | Description | Time |
|------|-------------|------|
| 1/2/2016 | I prepared the evidence in advance of the meeting with advisory counsel at 9:00 am today. I sent an email to Nemat and Omar to remind them of the meeting. meet with advisory counsel concerning the claim. | 6.30 |
| 1/11/2016 | I organized the documents for the arbitration. | 1.80 |
| 1/12/2016 | I prepared the evidence, and a letter to Tony Nolen. | 1.50 |
| 1/12/2016 | I organized the evidence to submit to the mediator and. ECC.[sic] I spoke with Nemat concerning the claim. | 4.00 |
| 2/7/2016 | I reviewed and organized the payroll evidence. I organized and reviewed the documents. I prepared a spreadsheet. I sent an email to Omar requesting information. | 4.77 |
| 6/12/2016 | I organized the documents for the arbitraiton [sic]. | 1.50 |
| 6/13/2016 | I organized the documents for the arbitration. | 3.00 |
| 6/14/2016 | I organized the plaintiff's evidence for the arbitration. | 2.84 |
| 6/16/2016 | I organized the evidence for the hearing and discovery respones[sic]. | 4.52 |
| 6/17/2016 | I prepared the exhibits for Aspic. | 5.50 |
| 6/18/2016 | I reviewed the evidence, prepared summary tables and organized the documents. | 3.50 |
| 6/20/2016 | I reviewed translated documents. I requested additional translated documents. I organized the exhibits. | 7.14 |
| 6/21/2016 | I spoke with Nemat concerning the responses and a need for a signature. I organized the documents for the responses to request for production of documents. I received an email from ECC's counsel. I sent a reply. I sent an email to the client concerning the documents. | 2.20 |
| 7/16/2016 | I organized the documents for the hearing. I researched issues on damages. I started organizing the information for the opening arguments and other pretrial motions. | 7.20 |
| 7/17/2016 | I organized the documents for the disclosure on Monday. I worked on a theme for the hearing. | 7.90 |
| 7/18/2016 | I spoke with Nemat concerning the case. I organized the documents to provide for the arbitration hearing. I reviewed the Submittal reports. I reorganized the evidence. I reviewed the documents produced by ECC in discovery. | 9.78 |
| 7/25/2016 | I prepared the Claimant's Trial Brief. I organized the joint exhibits. | 8.70 |

CASE NO. 17-CV-00224-YGR
RESPONSE TO PETITION TO CONFIRM
AND CORRECT THE ARBITRATION
AWARD

102460090\V-6

| Date | Description | Time |
|---|---|---|
| 7/26/2016 | I prepared the documents and evidence for the hearing. | 14.20 |
| 7/27/2016 | I spoke with Nemat. I spoke with Omar. I emailed ECC concerning the technical test. <u>I prepared the evidence.</u> | 12.85 |

Aspic's counsel's time indicates that Mr. Pennington spent around 109.20 hours to "prepare" or "organize," and even reorganize, either evidence or documents along with other tasks.  A significant portion of this time reflects administrative or clerical tasks that should be omitted form the lodestar calculation.  Because it is impossible to determine the exact hours related to these administrative tasks based upon the use of block-billing, ECC asserts that the Court should remove 50 percent of the 109.2 hours from the lodestar calculation.  This reduces the total hours to 354.3.

> d) Aspic's Request Should Be Decremented to Account for Its Partial Recovery

When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole, times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  Indeed, "under state law as well as federal law, a reduced fee award is appropriate when a claimant achieves only limited success." *Sokolow v. Cty. of San Mateo*, 213 Cal. App. 3d 231, 249 (1989). "There is no precise rule or formula for making these determinations.  The court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id. at* 248.

Based upon Aspic's limited success and recovery of only 46.6 percent of the costs it sought ($1.07 million of $2.3 million claimed), and the inability to determine which hours were spent on these unsuccessful claims, only 46.6 percent of the total hours expended in this case should be included in the attorney's fees calculation.  This reduces the total hours upon which an award should be granted to 165.10.

### 3. The Request for a Multiplier Is Unjustified and Provides a Windfall to Aspic's Counsel

Aspic has not established that a multiplier should be applied to the loadstar calculation of the reasonable fees in this case. Accordingly, if the Court determines Aspic is entitled to any attorney's fees (it is not), the Court should only award fees determined based upon the loadstar formula. Based upon the proper hourly rate ($450) and the reasonable hours expended (165.10) Aspic would be entitled to $74,295.

"[T]he novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." *Pennsylvania,* 478 U.S. at 565 (citations omitted). Indeed, "[a] strong presumption [exists] that the lodestar represents a reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (citations omitted). "[A]n enhancement for contingency would likely duplicate in substantial part factors already subsumed in the lodestar." *Id.* The sole justification offered by Aspic for awarding a multiplier is the fact that Aspic's counsel accepted the representation on a contingency basis and, therefore, took on the risk of losing the case. Pet. at 13-15. This, however, is an insufficient basis for an award multiplier under federal decisional law. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). Specifically, the U.S. Supreme Court recognized:

> [R]isk of loss forces losing defendants to compensate plaintiff's lawyers for not prevailing against defendants in other cases. This result is not consistent with Congress' decision to adopt the rule that only prevailing parties are entitled to fees. If risk multipliers or enhancement are viewed as no more than compensating attorneys for their willingness to take the risk of loss and of nonpayment, we are nevertheless not at all sure that Congress intended that fees be denied when a plaintiff loses, but authorized payment for assuming the risk of an uncompensated loss. Such enhancement also penalizes the defendants who have the strongest case; and in theory, at least, would authorize the highest fees in cases least likely to be won and hence encourage the bringing of more risky cases, especially by lawyers whose time is not fully occupied with other work. Because it is difficult ever to be completely sure that a case will be won, enhancing fees for the assumption of the risk of

> nonpayment would justify some degree of enhancement in almost
> every case. Weighing all of these considerations, we are
> unconvinced that Congress intended the risk of losing a lawsuit to
> be an independent basis for increasing the amount of any otherwise
> reasonable fee for the time and effort expended in prevailing.

*Id*. Thus, Aspic's counsel is not due a multiplier or premium solely for taking this case on a contingent basis and Aspic has not offered any other basis for a multiplier to be applied to the lodestar amount.

It should also be noted that pursuant to Aspic's contingency fee agreement, any attorney's fees awarded in this case will be added to a pro-rated portion of the fees due under the contingency agreement. Accordingly, Aspic's counsel will receive additional compensation above and beyond any awarded amounts. This additional compensation should also be factored into the Court's determination of reasonable fees.

## III.   **CONCLUSION**

The Court should not confirm the arbitration award and instead should vacate the award for the reasons set forth in ECC's Motion to Vacate. To the extent the Court determines that the entire arbitration award should not be vacated, the Court should not revisit the arbitrator's determination that Aspic is not entitled to recover its attorney's fees because there was no prevailing party in this case.


DATED: February 10, 2017          DENTONS US LLP


By:  ___*/s/ Andrew S. Azarmi*_____
         Andrew S. Azarmi
         Attorneys for Defendants ECC CENTCOM
         Constructors, LLC and ECC International, LLC

102460090\V-6