UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASPIC ENGINEERING AND CONSTRUCTION COMPANY**,<br><br>              Plaintiff,<br><br>       v.<br><br>**ECC CENTCOM CONSTRUCTORS LLC, ET IN SUPPORT FOR THE COURT AL.**,<br><br>              Defendants. | Case No. 17-cv-00224-YGR<br><br>**ORDER DENYING STIPULATION EXTENDING TIME FOR DEFENDANTS TO FILE RESPONSE AND SETTING HEARING**<br><br>Re: Dkt. No. 16 |

The Court is in receipt of the Parties' Joint Stipulation Extending Time for Defendants to File Response and Setting Hearing ("Stipulation"). (Dkt. No. 16).  While the Court is not opposed to the proposed briefing schedule, it does not believe that it can agree with paragraph 7 that the Court shall "correct, modify or vacate the judgment that was entered in the Superior Court to conform with the decision of this Court." (Dkt. No. 16 at 3.) *See*, *e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) ("After removal, the federal court takes the case up where the State court left it off . . . . Consequently, an order entered by a state court should be treated as though it had been validly rendered in the federal proceeding." (internal quotation marks and citations omitted)); *Resolution Trust Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1211-12 (9th Cir. 1994) ("It is settled that a federal court must take a case as it finds it on removal, requiring a district court to treat a prior state judgment as though it had been validly rendered in a federal proceeding." (internal quotation marks and citations omitted)); *Butner v. Neustadter*, 324 F.2d 783, 785-86 (9th Cir. 1963) ("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.")

Here, despite the language of the Stipulation, it appears that the state court's order entering

judgment on the arbitration award stated that respondents/defendants responded. Then, they attempted to move to vacate the judgment in the state court by an ex parte motion, but the ex parte motion was denied because it needed to be filed as a noticed motion. Rather than file a noticed motion, respondents/defendants removed.

Given the current procedural posture of this action, the parties' Stipulation is **DENIED**. By **February 24, 2017**, the parties must file an updated stipulation. The Court **SETS** a compliance hearing for **Friday, March 3, 2017** at **9:01 a.m.** regarding submission of the updated stipulation. If compliance is complete, the compliance hearing may be vacated and the parties need not appear.

Dated: February 13, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**