Walt Pennington
State Bar No 214470
 Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
Telephone:    619 940 6157
Email:          wpennington@pennfirm.com
Attorney for Aspic Engineering and Construction Company, Petitioner

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPIC ENGINEERING AND CONSTRUCTION COMPANY,<br><br>     Petitioner,<br><br>   v.<br><br>ECC CENTCOM CONSTRUCTORS LLC, et. al<br><br>     Respondents | Case No. 4:17-cv-00224-YGR<br><br>PETITIONER'S REPLY TO RESPONDENTS' RESPONSE TO PETITION TO CONFIRM AND CORRECT THE ARBITRATION AWARD<br><br>Hearing Date: March 28, 2017<br>Time: 2:00 p.m. |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that on Tuesday, March 28, 2017, at 2:00 p.m. in

Courtroom 1 of the United States District Court, Northern District of California, San Francisco /

Oakland Division, located at 1301 Clay Street, Oakland, California concerning the

Petition to Confirm and Correct the Arbitration Award;

Respondents'/Defendants' Opposition;

Respondents'/Defendants' Motion to Vacate the Arbitration Award; and

Petitioner's/ Plaintiff's Opposition to the Motion to Vacate.

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................................................... 5

ARGUMENTS AND AUTHORITIES................................................................................................. 5

    A.    This Case Is Governed By California Law............................................................... 5

        1.    The New York Convention has no application to this domestic award. ..................... 6
        2.    California law, not the FAA, governs this action. ........................................... 6

    B.    This Court Should Confirm the Arbitration Award of $1,072,520.90. ........................... 9

        1.    Standard of Review. .................................................................................... 9
        3.    This Court should confirm, not vacate, the arbitration award of $1,072,520.90 on
Aspic's claims under the contract. ....................................................................... 10

    C.    This Court Should Correct the Award Pursuant to the CAA to Award Aspic's
Attorney's Fees. ................................................................................................ 11

        1.    Under California law, error in the failure to award attorney's fees is subject to
correction where such would not affect the merits of the decision. ................................ 11
        2.    The parties' agreement here provides for an award of attorney fees and costs under
the precise facts of this case. ............................................................................... 12
        3.    The arbitrator exceeded his authority under California law by failing to award
attorney's fees and costs under the parties' agreement. ................................................ 13
        4.    The arbitrator's failure to find that Aspic was the prevailing party does not preclude
Aspic's entitlement to fees under the contract. ......................................................... 14

    D.    Aspic's Claim for Attorney's Fees is Reasonable. ..................................................... 14

        1.    Petitioner's attorney's fees and costs are reasonable given ECC's aggressive litigation
strategy. ....................................................................................................... 15
        2.    ECC's claim that Aspic did not win the arbitration has no merit. ............................... 16
        3.    Aspic is entitled to a multiplier under California law. ............................................ 16

Conclusion ............................................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Advanced Micro Devices, Inc. v. Intel Corp.*, 9 Cal.4th 362, 383, 36 Cal.Rptr.2d 581, 885 P.2d 994 (1994) .................................................................................................................. 13

Bosack v. Soward, 586 F.3d 1096 (9th Cir. 2009) ........................................................... 9

DiMarco v. Chaney, 37 Cal.Rptr.2d 558, 31 Cal.App.4th 1809 (Cal. App. 1995)..... 11, 12, 13, 14

G.C. & K.B. Investments, Inc. v. Wilson, 326 F.3d 1096 (9th Cir. 2003) .................................... 9

Gates v. Deukmejian, 987 F.2d 1392 (9th Cir. 1992)................................................... 15

Greenspan v. LADT, LLC, 185 Cal.App.4th 1413, 111 Cal. Rptr. 3d 468 (2010) ..................... 11

Gueyffier v. Ann Summers, Ltd., 50 Cal.Rptr.3d 294, 144 Cal.App.4th 166 (Cal. App. 2006) ... 6, 13

Hall St. Associates, LLC v. Mattel, Inc., 552 U.S. 576 (2008) ...................................... 9

*Hall v. Bolger*, 768 F.2d 1148 (9th Cir.1985)............................................................ 14

Hensley v. Eckerhart, 461 U.S. 424 (1983) ............................................................. 14

Howard Fields & Assocs. v. Grand Wailea Co., 848 F.Supp. 890 (D.Haw.1993)....................... 7

Jordan v. Department of Motor Vehicles, 100 Cal.App.4th 431, 123 Cal.Rptr.2d 122 (2002).... 10

Jordan v. Multnomah County, 815 F.2d 1258 (9th Cir.1987) ........................................ 15

Ketchum v. Moses, 104 Cal.Rptr.2d 377 (2001) ................................................... 15, 16

Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987 (9th Cir. 2003)................. 9

Lindenstadt v. Staff Builders, Inc. 55 Cal.App.4th 882, 64 Cal.Rptr.2d 484 (1997) ................. 11

Mitchell v. Tillett, 15-cv-04044-VC, 2016 U.S. Dist. LEXIS 153686; 2016 WL 6436820 (N.D. Cal. Oct. 28, 2016)...................................................................................... 8

Mitsubishi v. Soler Chrysler-Plymouth, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)... 7

Morales v. City of San Rafael, 96 F.3d 359 (9th Cir.1996)........................................... 15

Preston v. Ferrer, 128 S.Ct. 978, 169 L.Ed.2d 917, 552 U.S. 346 (2008) ....................... 6

Southern Cal. Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO, 265 F.3d 787 (9th Cisr. 2001)............................................................................................. 9

Sovak v. Chugai Pharmaceutical Co., 280 F.3d 1266 (2002) ........................................ 8

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
THE ARBITRATION AWARD

Stead Motors v. Auto. Machinists Lodge, 886 F.2d 1200 (9th Cir. 1989) ...................................... 9

United States Olympics Committee v. Ruckman, No. 09-4618 (FLW), 2010 U.S. Dist. LEXIS
   52840 *15 (D.N.J. 2010)............................................................................... 8

Valrose Maui, Inc. v. Maclyn Morris, Inc., 105 F.Supp.2d 1118 (D. Hawaii, 2000).................... 7

Virgin Islands Housing Authority v. Coastal General Const. Services Corp., 27 F.3d 911, 30 V.I.
   417 (3d Cir. 1994)...................................................................................... 8

Vizcaino v. Microsoft Corp., 290 F.3d 1043 (9th Cir.2002)......................................... 15

**Statutes**

9 U.S.C. § 10 (a) ............................................................................... 10

Cal. Code Civ. Proc. § 1286.2 ............................................................. 10, 11

Cal. Code Civ. Proc. § 1286.6 ................................................................ 14

Cal. Code Civ. Proc. § 1717 (a) ............................................................. 12

Cal. Code Civ. Proc. § 998 ................................................................... 13

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
THE ARBITRATION AWARD

# INTRODUCTION

Petitioner Aspic Engineering and Construction Company ("Aspic") files this Reply to the Response to Petition to Confirm and Correct the Arbitration Award filed by ECC CENTCOM Constructors LLC., et al. ("ECC"), and would ask that Aspic's Petition to Confirm and Correct the Arbitration Award be granted for the reasons set forth herein.

ECC has controlled the relationship between these parties at every step of the way. ECC drafted the contract between them, requiring the application of California law. ECC terminated the contract between them. ECC made the decision not to pay Aspic. ECC made the decision to breach its duty to settle with Aspic. ECC demanded the mediation required by its contract and received it. ECC demanded the arbitration required by its contract and received it. Now ECC has removed this action to the court of its choice even though its contract requires ECC to submit to the jurisdiction of California state courts for the enforcement of any arbitration award. All along the line, ECC has received what it has wanted. ECC's only real complaint now is that it didn't receive the result it wanted. That is not a basis for this Court to depart from clear and long-established precedent that, except in very limited circumstances not present here, an arbitrator's decision cannot be reviewed for errors of fact or law. Nor is there cause for this Court to apply any law other than California law, which requires the Court to correct the award to include the attorney's fees specifically commanded by the contract ECC drafted. Such a correction may be made without affecting the merits of the decision upon the controversy submitted. ECC has offered no cause for this Court to do otherwise.

# ARGUMENTS AND AUTHORITIES

## A.  This Case Is Governed By California Law.

By the terms of the contract ECC drafted, this case is governed by California law: "13.3 **Applicable State Law And Compliance**. This Agreement shall be governed by and construed in accordance with the laws of  the State of California." This fact is not altered by ECC's removal of the case (removal despite the contract's provision that "[e]ach Party hereto accepts jurisdiction of the courts of the State of California for the purposes of commencing, conducting,

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
THE ARBITRATION AWARD

and enforcing such arbitration proceedings.") Contract, §12.4 (c) (emphasis added) (Docket 17, p. 49 of 628, Petition Exh. 3, p. 28).

### 1. The New York Convention has no application to this domestic award.

ECC suggests that this action is governed by the New York Convention because Aspic is an Afghan corporation. Not so. In *Gueyffier v. Ann Summers, Ltd.*, 50 Cal.Rptr.3d 294, 144 Cal.App.4th 166 (Cal. App. 2006), *rev'd on other grounds*, 43 Cal.4th 1179, 184 P.3d 739, 77 Cal. Rptr. 3d 613 (Cal. 2008), the court addressed the identical issue where the arbitration took place in California and enforcement of the award was sought in California: "The first sentence of New York Convention Article I(1)—'This convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where recognition and enforcement of such awards are sought ...' —is inapplicable here. The award was "made"—as that term is used in the first sentence of Article I(1) of the New York Convention—in California and the enforcement proceedings are occurring here. Thus, the present case does not involve an arbitration award returned in a foreign country." The same is true here; the New York Convention does not apply.

### 2. California law, not the FAA, governs this action.

Neither does the Federal Arbitration Act (FAA) apply. This arbitration was conducted in California under California law. Aspic filed its to confirm the award in California State Court under the California Arbitration Act (CAA). The Federal Arbitration Act (FAA) does not now become the governing law of the case simply by virtue of removal. ECC cites no authority in support of this position.

The FAA "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346 (2008). Indeed, the purpose of federal legislation concerning arbitration was "to overcome courts' refusals to enforce agreements to arbitrate." *Mastrobuono v. Shearson Lehman Hutton Inc.*, 514 U.S. 52 (1995). But the U.S. Supreme Court has found that the CAA has a similar policy that favors arbitration:

> Noting that the California rules were 'manifestly designed to encourage resort to the arbitral process,' *id.*, at 476, and that they 'generally foster[ed]

the federal policy favoring arbitration,' *id.*, at 476, n. 5, we concluded that such an interpretation was entirely consistent with the federal policy 'to ensure the enforceability, according to their terms, of private agreements to arbitrate.' *Id.*, at 476. After referring to the holdings in *Southland* and *Perry*, which struck down state laws limiting agreed-upon arbitrability, we added: 'But it does not follow that the FAA prevents the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself. Indeed, such a result would be quite inimical to the FAA's primary purpose of ensuring that private agreements to arbitrate are enforced according to their terms. Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, see *Mitsubishi [v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628, (1985), so too may they specify by contract the rules under which that arbitration will be conducted.' *Volt*, 489 U.S. at 479.

*Mastrobuono*, *supra*, 514 U.S. 52 (1995) (emphasis added). Here, ECC cannot establish that California law undermines the purpose of the FAA or prevents the enforcement of the arbitration agreement. As a result, the CAA is not preempted; the FAA does not apply.

For this reason, district courts in this circuit have recognized that that state law, not the FAA, governs the confirmation of an arbitration award. In *Valrose Maui, Inc. v. Maclyn Morris, Inc.*, 105 F.Supp.2d 1118 n.6 (D. Hawaii, 2000), the court explained:

> Citing *Howard Fields & Assocs. v. Grand Wailea Co.*, 848 F.Supp. 890 (D.Haw.1993), VMI argues that the Federal Arbitration Act governs this case. Howard Fields, however, dealt with arbitrability of a dispute, not with what law governs confirmation of an arbitration award. This case rather raises issues addressed in *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). In *Volt*, the Supreme Court held that, even if the Federal Arbitration Act applied to a dispute, that Act did not preempt California law on staying an arbitration when the parties had agreed to arbitrate in accordance with California law. *Id.* at 476-78, 109 S.Ct. 1248. *Volt* noted that the federal policy is to ensure the enforceability of private agreements to arbitrate, but that "[t]here is no federal policy favoring arbitration under a certain set of procedural rules." *Id.* at 476, 109 S.Ct. 1248. Hawaii law also ensures the enforceability of private arbitration agreements. Just as California law was applied in *Volt*, Hawaii law governing the confirmation and vacation of the Arbitration Award applies here.

*Valrose Maui, Inc.*, 105 F.Supp.2d at 1118 n.6.

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
THE ARBITRATION AWARD

ECC's reliance on *Sovak v. Chugai* Pharmaceutical *Co*., 280 F.3d 1266 (9th Cir. 2002) is misplaced. There, one party claimed that state law exempted it from arbitration. The court held that state law was preempted to the extent it interfered with the FAA's policy favoring the arbitration of disputes. No such dispute exists here where the arbitration is concluded. Neither does *Mitchell v. Tillett*, 2016 U.S. Dist. LEXIS 153686; 2016 WL 6436820 (N.D. Cal. Oct. 28, 2016) support ECC's position. In *Mitchell*, the court recognized that the domestic law which governs the arbitration also governs rules for vacatur, which in that case was <u>not</u> the FAA. *Mitchell v. Tillett* at *3. *Mitchell* supports Aspic's position that the appropriate law to apply in enforcing the arbitration award is the same domestic law that governed the arbitration – California law.

ECC is also mistaken on its related claim that the FAA somehow provides a basis for removal jurisdiction. It is settled law that the FAA is not an independent source of jurisdiction: "There is no statutory grant of jurisdiction over actions seeking to confirm arbitration awards." *United States Olympics Committee v. Ruckman*, No. 09-4618 (FLW), 2010 U.S. Dist. LEXIS 52840 *15 (D.N.J. 2010); see also *Virgin Islands Housing Authority v. Coastal General Const. Services Corp*., 27 F.3d 911, 30 V.I. 417 (3d Cir. 1994).

Finally, if this Court should determine that the FAA preempts the CAA, that preemption should be limited to the procedural law only to the extent that it conflicts with the CAA; California substantive law should apply to the calculation of attorney's fees and costs upon a correction. *Mastrobuono v. Shearson Lehman Hutton Inc*., 514 U.S. 52 (1995) involved an arbitration under New York law. The Supreme Court held that the FAA preempted state law to the extent that it limited the arbitrator's authority to make a decision, while New York substantive law applied to the contract, claims and damage:

We think the best way to harmonize the choice-of-law provision with the arbitration provision is to read 'the laws of the State of New York' to encompass substantive principles that New York courts would apply, but not to include special rules limiting the authority of

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
THE ARBITRATION AWARD

arbitrators. Thus, the choice-of-law provision covers the rights and duties of the parties, while the arbitration clause covers arbitration; neither sentence intrudes upon the other.

*Mastrobuono supra,* 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76.

**B.   This Court Should Confirm the Arbitration Award of $1,072,520.90.**

### 1.   Standard of Review.

The role of the courts in reviewing arbitration awards is extremely circumscribed. *Southern Cal. Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO,* 265 F.3d 787, 792 (9th Cisr. 2001) (citing *Stead Motors v. Auto. Machinists Lodge,* 886 F.2d 1200, 1208 n. 8 (9th Cir. 1989) (en banc)). The confirmation of an arbitration award is meant to be a summary proceeding. *G.C. & K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1105 (9th Cir. 2003). "'Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award.'" *Bosack v. Soward,* 586 F.3d 1096, 1102 (9th Cir. 2009) (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.,* 341 F.3d 987, 994 (9th Cir. 2003)). Rather, grounds for vacating an award are limited to those specified by statute. *Hall St. Associates, LLC v. Mattel, Inc.,* 552 U.S. 576, 584 (2008) (holding Section 10 provides the FAA's exclusive grounds for vacatur of an arbitration award).

The CAA strictly defines the circumstances in which an arbitration award can be vacated:

(1) The award was procured by corruption, fraud or other undue means.

(2) There was corruption in any of the arbitrators.

(3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.

(4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.

(5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.

(6) An arbitrator making the award either: (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely

demand to disqualify himself or herself as required by that provision. However, this subdivision does not apply to arbitration proceedings conducted under a collective bargaining agreement between employers and employees or between their respective representatives.

Cal. Code Civ. Proc. § 1286.2.

Though it does not apply here, the FAA similarly authorizes courts to vacate an award in only very limited circumstances, including:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown ... or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

**3. This Court should confirm, not vacate, the arbitration award of $1,072,520.90 on Aspic's claims under the contract.**

California law is clear that this Court must confirm the award, unless it corrects or vacates the award or dismisses the proceedings and the grounds to vacate or correct are limited.

An arbitrator's decision is not generally reviewable for errors of fact or law, <u>whether or not such error appears on the face of the award and causes substantial injustice to the parties.</u> There are, however, limited exceptions to this general rule, which we also discuss below." *Moncharsh v. Heily & Blase*, 10 Cal.Rptr.2d 183, 183, 3 Cal.4th 1, 832 P.2d 899 (1992). "Arbitrators 'exceed[ ] their powers' (§ 1286.2, subd. (a)(4)) by acting without subject matter jurisdiction, deciding an issue that was not submitted to arbitration, arbitrarily remaking the contract, upholding an illegal contract, issuing an award that violates a well-defined public policy or a statutory right, fashioning a remedy that is not rationally related to the contract, or selecting a remedy not authorized by law. (See *Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443, 123 Cal.Rptr.2d 122; see also *Moncharsh v. Heily & Blase* (1992) 3

1  Cal.4th 1, 31-33, 10 Cal.Rptr.2d 183, 832 P.2d 899 [discussing application of § 1286.2, subd.

2  (a)(4), to illegal contracts]; *Lindenstadt v. Staff Builders, Inc.* (1997) 55 Cal.App.4th 882, 889-

3  893, 64 Cal.Rptr.2d 484 [same].)" *Greenspan v. LADT, LLC*, 185 Cal.App.4th 1413, 1436, 111

4  Cal. Rptr. 3d 468, 486 (2010)(emphasis added).

5         On September 30, 2016, the arbitrator entered his partial final award of $1,072,520.90.

6  Following that award, ECC filed a lengthy motion to amend and correct the award. The arbitrator

7  considered ECC's arguments – the same arguments made here in ECC's separately filed motion

8  for vacatur – and on November 14, 2016, rejected those arguments and denied ECC's motion.

9  This Court should do the same. ECC can show no statutory basis, either under California or

10  federal law, to vacate the arbitrator's award on Aspic's claims under the contracts. The time has

11  come for judgment to be entered against ECC on the arbitration award.

12  **C.  This Court Should Correct the Award Pursuant to the CAA to Award Aspic's**

13      **Attorney's Fees.**

14           **1.  Under California law, error in the failure to award attorney's fees is subject**

15               **to correction where such would not affect the merits of the decision.**

16         ECC contends that the same rule that prevents the Court from vacating the award due to

17  errors of fact or law also prohibits the Court's correction of the award to include attorney's fees,

18  as mandated by California law. Again, not so.

19         Under the CAA, the Court is to correct, not vacate, the award when the arbitrator exceeds

20  his authority by failing to award mandated attorney's fees and "the award may be corrected

21  without affecting the merits of the decision. . . ." Cal. Code Civ. Proc. § 1286.2. In *DiMarco v.*

22  *Chaney*, 37 Cal.Rptr.2d 558, 31 Cal.App.4th 1809 (Cal. App. 1995), the respondent argued, as

23  ECC does here, that the court lacked the authority to correct the arbitration award because it was

24  "bound by the arbitrator's decision denying [the plaintiff] an award of attorney fees and costs."

25  In *DiMarco*, the terms of the parties' agreement specified that the prevailing party was entitled to

26  an award of reasonable attorney fees and costs. *DiMarco,* 31 Cal.App.4th at 1815. The arbitrator

27  found that the plaintiff was the prevailing party. *Id*. In such circumstances, held the court, "the

28

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
                                    THE ARBITRATION AWARD

arbitrator was compelled by the terms of the agreement to award her reasonable attorney fees and costs. In denying [the plaintiff's] request for attorney fees, the arbitrator exceeded his powers. That error was subject to correction because section 1286.6, subdivision (b), provides an award shall be corrected if '[t]he arbitrators exceeded their powers [and] the award may be corrected without affecting the merits of the decision. . . .'" *DiMarco*, 31 Cal.App.4th at 1815.

> **2.** **The parties' agreement here provides for an award of attorney fees and costs under the precise facts of this case.**

The parties' agreement here provides that ECC is entitled to attorney's fees in two circumstances: "Where the Arbitrator(s) decides that ECCI has properly fulfilled the Agreement, <u>or where ECCI has offered settlement, before the arbitration decision was rendered, that meets or exceeds the arbitrator(s) award and which Subcontractor refused to accept, Subcontractor *shall* pay all costs and fees, including attorney and arbitration fees</u>, incurred or necessitated by the arbitration proceedings." Contract ¶12.4(e) (emphasis added) (Docket 17 p. 49 of 628, Petition Exh. 3, p. 28). Paragraph 12.4 applies to both Aspic and ECC pursuant to Cal. Code Civ. Proc. § 1717(a): "Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract." Section 1717 – enacted to create mutuality of remedy where the contract purports to allow the recovery of attorney's fees for just one party – has been held to apply "to the provisions which the parties themselves have agreed to make it applicable." *Sciarrotta v. Teaford Custom Remodeling, Inc.*, 167 Cal.Rptr. 889, 893, 110 Cal.App.3d 444 (Cal. App. 4 Dist. 1980).

Here, ECC itself defined the conditions under which the recovery of attorney's fees would be made available: "where [one party] has offered settlement, before the arbitration decision was rendered, that meets or exceeds the arbitrator(s) award and which [the other party] refused to accept." In this case, Aspic made three offers of settlement to ECC prior to the arbitration: In August 2015, shortly after learning that ECC had broken its promise to submit Aspic's claim to the U.S. Government for payment, Aspic wrote to ECC of its intent to file for

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
THE ARBITRATION AWARD

arbitration and made a written Cal. Code Civ. Proc. § 998 settlement offer of $652,000 on the larger of the two contracts at issue in this case (Docket 17 p. 574-6 of 628, Petition Exh 5, p. 552-4). ECC refused the settlement offer and demanded mediation, as provided for in the contract. On March 2, 2016, after the January 2016 mediation had been unsuccessful, Aspic made an additional §998 settlement offer of $830,000.00 to ECC CENTCOM Constructors LLC (Docket 17 p. 578 of 628, Petition Exh 6, p. 555) and $150,000.00 to ECC International LLC (Docket 17, p. 580 of 628, Petition Exh. 7, p. 556). Again, ECC refused these offers and opted to proceed to arbitration, at which Aspic was awarded $1,072,520.90 against both Respondents, jointly and severally, well exceeding each of Aspic's two March 2016 offers. Aspic made offers of settlement which ECC refused to accept and Aspic received an award in excess of those offers. Under the plain terms of the contract, then, Aspic is entitled to costs and fees.

### 3. The arbitrator exceeded his authority under California law by failing to award attorney's fees and costs under the parties' agreement.

Under California law, "[a]n exception to the general rule assigning broad powers to the arbitrators arises when the parties have, in either the contract or an agreed submission to arbitration, explicitly and unambiguously limited those powers. . . .'The powers of an arbitrator derive from, and are limited by, the agreement to arbitrate.'" *Gueyffier v. Ann Summers, Ltd.*, 43 Cal. 4th 1179, 184 P.3d 739, 743, 77 Cal. Rptr. 3d 613 (2008), quoting *Advanced Micro Devices, Inc. v. Intel Corp.*, 9 Cal.4th 362, 375, 383, 36 Cal.Rptr.2d 581, 885 P.2d 994 (1994). In holding that the arbitrator had not exceeded the scope of his authority in *Gueyffier*, the California Supreme Court distinguished the Court of Appeals' holding in *DiMarco v. Chaney*. The *Gueyffier* court explained that in *DiMarco*, there was "a direct, explicit contradiction between the contractual command and the arbitrator's refusal to award the prevailing party fees, whereas no such inescapable contradiction exists in this case." *Gueyffier*, 43 Cal. 4th 1179, 184 P.3d 739, 746, 77 Cal. Rptr. 3d 61. In *Gueyffier*, by contrast, the contract did not unambiguously forbid the arbitrator's application of an equitable defense which was the subject of that appeal. *Id.*

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
THE ARBITRATION AWARD

Similarly in this case, by refusing to award attorney's fees, the arbitrator created a "direct, explicit contradiction" with "the contractual command" to award costs and attorney's fees where one party refused to settle for an offered amount that was exceeded by the arbitrator's award. In so doing, the arbitrator exceeded his authority. Where, as here, the award may be "corrected without affecting the merits of the decision upon the controversy submitted," Cal. Code Civ. Proc. § 1286.6, the Court should correct, not vacate, the award.

### 4.  The arbitrator's failure to find that Aspic was the prevailing party does not preclude Aspic's entitlement to fees under the contract.

ECC suggests that Aspic is not entitled to attorney's fees because the arbitrator did not find that Aspic was the prevailing party. Once more, ECC is wrong. The clear and unambiguous contractual provision commanding that Aspic be awarded attorney's fees and costs under the facts existing here makes no mention of a "prevailing party" and does not turn on a finding concerning a "prevailing party." *See* discussion *supra*.

In *DiMarco v. Chaney, supra*, the contractual provision that commanded an award of attorney's fees was different. There the provision at issue specifically stated that the prevailing party was entitled to fees and the arbitrator found that the plaintiff was the prevailing party. *DiMarco,* 31 Cal.App.4th at 1815. The "prevailing party" finding was at the heart of the issue before the Court of Appeals. This case hinges in no way on the prevailing party language because, unlike *DiMarco,* the contract does not include that language.

The parties' contract set the boundaries of the arbitrator's authority and that contract mandated an award of all attorney's fees, costs and expenses associated with the arbitration proceedings, where, as here, one party refused to settle for an offered amount that was exceeded by the arbitrator's award.

### D.  Aspic's Claim for Attorney's Fees is Reasonable.

This Court has broad discretion to determine a reasonable award of attorney fees, and must provide "a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Hall v. Bolger*, 768 F.2d 1148, 1151 (9th

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
THE ARBITRATION AWARD

Cir.1985) (court should provide an explanation of the reasonable hours and hourly rate it uses to arrive at fee award). The Court is under no obligation, however, to "make findings as to each of defendants' specific objections." *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992).

In the Ninth Circuit, courts generally use the lodestar method to determine reasonable attorneys' fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir.2002). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir.1987). (Lodestar at Docket 17, p. 582-604 of 628, Petition Exhs. 9 and 10) (Supporting Declarations at Docket 17. p. 606-28, Petition Exhs. 10 and 11, p. 579-600)

### 1. Petitioner's attorney's fees and costs are reasonable given ECC's aggressive litigation strategy.

From the start, Aspic just wanted to settle this case and be paid for its work. Its request for settlement negotiations was met with silence. The mediation ECC insisted upon was a failure. The arbitration dragged on for three days, with four lawyers sitting at ECC's counsel table while Aspic made do with one. Since the arbitration, ECC has added two more lawyers to the roster. And yet, protests ECC, Aspic's counsel spent too much time on the case.

No. Aspic's legal fee is reasonable in light of the fierce opposition ECC mounted leading up to, during and following the arbitration. In similar circumstances, the California Supreme Court has observed: "having litigated the matter tenaciously, [the defendant] 'cannot ... be heard to complain about the time necessarily spent by the [plaintiff] in response.'" *Ketchum v. Moses*, 104 Cal.Rptr.2d 377, 391 (Cal. 2001)(citation omitted). As in *Ketchum*, ECC cannot now complain about the time Aspic's counsel has been forced to spend on his client's behalf.

Indeed, if the time Aspic's counsel has spent on the case thus far were truly excessive, ECC might spotlight the issue by introducing evidence of the amount it has been billed by its counsel to obtain a result requiring it to pay, rather than receive, a substantial award. It seems

quite doubtful, however, that ECC's six lawyers have spent less time on the case than Aspic's one. The absence of this lodestar evidence from ECC suggests that Aspic's claimed attorney's fees are not unreasonable when compared with those of ECC. Aspic's lodestar is reasonable.

### 2. ECC's claim that Aspic did not win the arbitration has no merit.

The arbitrator awarded more than a million dollars to Aspic, and nothing to ECC, but in ECC's view, this is not the sort of victory that would entitle Aspic to attorney's fees because Aspic was not awarded all the damages it sought. But the measure of success for entitlement to an award of attorney's fees under ECC's contract is not whether Aspic obtained all the damages it sought, but the extent to which either party obtained a more favorable result than a settlement offer given or received, as set forth in ¶12.4(e) of the contract. By that measure, Aspic achieved complete success and ECC had an unequivocal loss.

### 3. Aspic is entitled to a multiplier under California law.

The law is plain under California law that Aspic is entitled to a fee enhancement in this contingency fee case. In *Ketchum v. Moses*, 104 Cal.Rptr.2d 377, 17 P.3d 735, 24 Cal.4th 1122 (Cal., 2001), a hard-fought landlord-tenant dispute, the trial court applied a fee enhancement of 2.0 in the contingency fee case. *Ketchum,* 104 Cal.Rptr.2d 377, 17 P.3d 735, 24 Cal.4th 1122 (Cal. 2001). The California Supreme Court discussed the purpose underlying fee enhancement in such cases:

> The economic rationale for fee enhancement in contingency cases has been explained as follows: "A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans." (Posner, Economic Analysis of Law (4th ed.1992) pp. 534, 567.) "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases." (Leubsdorf, The Contingency Factor in Attorney Fee Awards (1981) 90 Yale L.J. 473, 480; see also Rules Prof. Conduct, rule 4-200(B)(9).

Case 4:17-cv-00224-YGR   Document 26   Filed 02/24/17   Page 17 of 18

*Ketchum*, 104 Cal.Rptr.2d 377, 17 P.3d 735, 24 Cal.4th 1122 (Cal. 2001); *see also* Rules Prof. Conduct, rule 4-200(B)(9) (recognizing the contingent nature of attorney representation as an appropriate component in considering whether a fee is reasonable); ABA Model Code Prof. Responsibility, DR 2-106(B)(8)(same); ABA Model Rules Prof. Conduct, rule 1.5(a)(8).

ECC relies on authorities considering cases brought under fee-shifting statutes to suggest that Aspic is not entitled to a fee enhancer. In cases involving fee-shifting statutes, however, the risks are not comparable to the continuing uncertainties here. When judgment is entered against the government in those cases, the government has an obligation to pay the judgment after it is entered. No such certainty exists here. Indeed, the risk remains that Aspic will never be paid.

In 2015, for instance, another Afghan subcontractor, Sabawoon Salim Construction Co., filed suit against these exact Respondents in the Northern District of California, No. 5:15-CV-04362-EMC. After judgment was entered in 2016, the judgment creditor attempted to collect the more than $4,000,000 owing. ECC mounted a defense to Sabawoon Salim Construction Co.'s attempts to collect, and the docket sheet in that case reflects that the judgment remains unpaid.

The contingent risks in this case are real, continuing and they are of ECC's own making. Under California law, Aspic is accordingly entitled to a multiplier in this case.

## CONCLUSION

Wherefore, Petitioner, Aspic, respectfully requests that the arbitrator's award be confirmed and corrected to reflect the award of attorney's fees and costs unambiguously commanded by ECC's contract, and that Aspic be granted whatever relief to which it shows itself otherwise entitled.

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO CONFIRM
THE ARBITRATION AWARD

Respectfully Submitted,
February 24, 2017,

s/ Walt Pennington
Walt Pennington (#214470)
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com
*Attorney for Aspic Engineering and Construction Company, Petitioner*