1  Walt Pennington
   State Bar No 214470
2   Pennington Law Firm
3  3302 30th Street
    San Diego, CA 92104-4535
4   Telephone:    619 940 6157
    Email:      wpennington@pennfirm.com
5  Attorney for Aspic Engineering and Construction Company, Petitioner

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPIC ENGINEERING AND CONSTRUCTION COMPANY,<br>    Petitioner,<br><br>v.<br><br>ECC CENTCOM CONSTRUCTORS LLC, et. al<br>    Respondents | Case No. 4:17-cv-00224-YGR<br><br>PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION AND MOTION TO VACATE THE ARBITRATION AWARD<br><br>Hearing Date: March 28, 2017<br>Time: 2:00 p.m. |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that on Tuesday, March 28, 2017, at 2:00 p.m. in Courtroom 1 of the United States District Court, Northern District of California, San Francisco / Oakland Division, located at 1301 Clay Street, Oakland, California concerning the

Petition to Confirm and Correct the Arbitration Award;

Respondents'/Defendants' Opposition;

Respondents'/Defendants' Motion to Vacate the Arbitration Award; and

Petitioner's/ Plaintiff's Opposition to the Motion to Vacate.

# Table of Contents

I. BACKGROUND ........................................................................................................................ 5

II. STANDARD OF REVIEW ..................................................................................................... 5

III. DISCUSSION .......................................................................................................................... 6

    A.   ECC Has Not Established Unfairness in the Hearing Caused by the Arbitrator's Misconduct Or Misbehavior. ................................................................................................. 6

        1. Failure to consider evidence that the Arbitrator heard is not a basis for vacatur. ........... 7

    B.   Scope of Powers. ............................................................................................................ 8

        1. The Arbitrator's award was not made in manifest disregard of the law. ....................... 9
        2. The Arbitrator's award was not "irrational." ............................................................... 11

IV. CONCLUSION ...................................................................................................................... 13

PETITIONER'S OPPOSITION TO RESPONDENTS'
MOTION TO VACATE THE ARBITRATION AWARD

# TABLE OF AUTHORITIES

**Cases**

Bluebonnet Sav. Bank, F.S.B. v. United States, 266 F.3d 1348, 1355 (Fed. Cir. 2001) ................ 8

Bosack v. Soward, 586 F.3d 1096 (9th Cir. 2009) ................................................................ 6, 9, 12

Collins v. D.R. Horton, Inc., 505 F.3d 874 (9th Cir. 2007)............................................................ 9

Comedy Club, Inc. v. Improv W. Associates, 553 F.3d 1277, 1288 (9th Cir. 2009) ............... 9, 12

G.C. & K.B. Investments, Inc. v. Wilson, 326 F.3d 1096 (9th Cir. 2003) ..................................... 6

Hall St. Associates, LLC v. Mattel, Inc., 552 U.S. 576 (2008) ...................................................... 6

Kyocera Corp. v. Prudential - Bache, 341 F.3d 987 (2003) .......................................................... 6

Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634 (9th Cir. 2010)................... 12

Merritt v. United States, 267 U.S. 338, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ................................. 10

Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826 (9th Cir. 1995) ............................. 9

Poweragent Inc. v. Elec. Data Sys. Corp., 358 F.3d 1187 (9th Cir. 2004) .................................... 9

Reed v. Mutual Svc. Corp., 106 Cal.App.4th 1359 (2003)............................................................. 6

Sheet Metal Workers Int'l Ass'n v. Arizona Mechanical & Stainless, Inc., 863 F.2d 647 (9th Cir. 1988) ........................................................................................................................................ 12

Southern California Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO, 265 F.3d 787 (9th Cir. 2001)............................................................................................................................ 5

Stead Motors v. Auto. Machinists Lodge, 886 F.2d 1200 (9th Cir. 1989) ..................................... 5

U.S. Life Ins. v. Superior Nat. Ins. Co., 591 F.3d 1167 (9th Cir. 2010).................................... 7, 8

**Statutes**

Cal. Civ. Code § 1436................................................................................................................... 13

Cal. Civ. Code § 1439................................................................................................................... 13

Cal. Civ. Code § 1441................................................................................................................... 13

Cal. Civ. Code § 1442................................................................................................................... 13

Cal. Code Civ. Proc. § 1281, et. seq. (California Arbitration Act)................................................ 6

**Regulations**

FAR 49.108-3 ................................................................................................................ 10, 11, 13

FAR 49.206-2 ...................................................................................................................... 10, 11

FAR 52.249-2 ............................................................................................................................ 10

**Exhibits**

(Docket 17 p. 20-27, Petition Exh 1 p. 1-8)................................................................................. 5

(Docket 17 p. 43 of 628, Petition Exh 3. p. 22) ....................................................................... 13

(Docket 17, p 21 of 628, Petition Exh 1, p. 2) ......................................................................... 11

(Docket 17, p. 21 of 628, Petition Exh. 1, p. 3) ........................................................................ 7

(Docket 19, ECCs' Motion to Vacate Final Arbitration at 16)................................................. 11

(Docket 19, Motion to Vacate Final Arbitration at 13) ........................................................... 12

(Docket 20-3, Attachment C, p. 25)............................................................................................ 8

## I. BACKGROUND

This dispute comes before the court following a final arbitration award entered on November 14, 2016 awarding Petitioner, Aspic Engineering and Construction Company (Aspic), $1,072,520.90 jointly and severally against the Respondents, ECC International LLC (ECCI) and ECC CENTCOM Constructors LLC (ECC-C) (collectively ECC). Petitioner asks the Court to confirm the arbitration award of $1,072,520.90 and to correct the award to include attorney's fees commanded by the contract, which correction may be made without affecting the merits of the decision.

The parties held an arbitration hearing from August 1 to 3, 2016 at the offices of the Respondent in Burlingame, California. Following the hearing, the parties and Arbitrator agreed that an initial award would be entered. If following that initial award a party believed it was entitled to attorneys' fees and costs, it could file that request.

The Arbitrator issued a partial final arbitration award on September 30, 2016 and a final arbitration award on November 14, 2016. (Docket 17 p. 20-27, Petition Exh 1 p. 1-8)

Aspic filed in the Superior Court for San Mateo County on December 28, 2016 to confirm and correct the award. ECC removed the case to this Court on January 17, 2017. ECC has opposed the petition to confirm and correct, and has moved separately to vacate the arbitration award.

ECC asserts two bases for vacating the award: that ECC allegedly did not receive a fundamentally fair hearing due to the Arbitrator's misbehavior and that the Arbitrator allegedly exceeded his powers. Both grounds are without merit.

## II. STANDARD OF REVIEW

The role of the courts in reviewing arbitration awards is extremely circumscribed. *Southern California Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO,* 265 F.3d 787, 792 (9th Cir. 2001) (citing *Stead Motors v. Auto. Machinists Lodge,* 886 F.2d 1200, 1208 n. 8 (9th Cir. 1989) (*en banc*)). The confirmation of an arbitration award is meant to be a summary

proceeding. *G.C. & K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1105 (9th Cir. 2003). Section 9 of the Federal Arbitration Act ("FAA") provides that when presented with an application to confirm an arbitration award, the district court "must grant an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "'Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award.'" *Bosack v. Soward,* 586 F.3d 1096, 1102 (9th Cir. 2009) (quoting *Kyocera Corp. v. Prudential - Bache,* 341 F.3d 987, 994 (2003)). Rather, grounds for vacating an award are limited to those specified by statute. *Hall St. Associates*, *LLC v. Mattel*, *Inc*., 552 U.S. 576, 584 (2008) (holding Section 10 provides the FAA's exclusive grounds for vacatur of an arbitration award).

As discussed at length in Aspic's reply to ECCs' response to Aspic's petition to confirm and correct the award, this case is governed by the California Arbitration Act (CAA). The CAA and the Federal Arbitration Act (FAA) provide for vacatur of an arbitration award under similar circumstances. Therefore, federal authority interpreting the FAA concerning vacatur is also instructive in considering the issue under the CAA. *Reed v*. *Mutual Svc*. *Corp*., 106 Cal.App.4th 1359, n. 4 (2003).

The FAA authorizes courts to vacate an award:

> (3) where the Arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the Arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

### III.  DISCUSSION

ECC argues two grounds for vacatur: ECC purportedly did not receive a fundamentally fair hearing due to the Arbitrator's misbehavior and the Arbitrator allegedly exceeded his powers concerning the merits of decision.

**A. ECC Has Not Established Unfairness in the Hearing Caused by the Arbitrator's Misconduct Or Misbehavior.**

ECC suggests that there was unfairness in the hearing and that ". . . the Arbitrator prejudiced ECC by not providing ECC with an opportunity to address: (1) whether the subcontracts reflected an enforceable meeting of the minds between the parties; or (2) certain costs that were waived by Aspic but still considered and awarded by the Arbitrator." (ECC Motion to Vacate Final Arbitration at 16-7). ECCs' contention requires proof that the Arbitrator refused to hear evidence pertinent and material to the controversy, or was guilty "of any other misbehavior by which the rights of any party have been prejudiced."

    1. <u>Failure to consider evidence that the Arbitrator heard is not a basis for vacatur.</u>

ECC does not argue that the Arbitrator refused to hear evidence; instead, it speculates that the Arbitrator, although having heard the evidence, failed to consider the evidence. This is not a basis for vacatur. "Arbitrators enjoy "wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit." *U.S. Life Ins. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010)

ECC suggests that there was no contractual meeting of the minds, however ECCs' participation in the arbitration was the Arbitrator's evidence that the parties had an enforceable contract. If there were no meeting of the minds, then there was no contract, and therefore no agreement to arbitrate. This argument should be rejected.

Vacatur under 9 U.S.C. § 10 (a) (3) requires proof that the Arbitrator was guilty of misconduct in refusing to hear relevant material evidence. ECC argues that Aspic's damages were waived, and then the Arbitrator awarded such damages anyway. But ECC presents no evidence of the waiver. ECC also ignores that the arbitrator awarded damages on the jury verdict method applied in government contract cases. "In addition, as to certain elements of the claim, the jury verdict method has been applied." (Docket 17, p. 21 of 628, Petition Exh. 1, p. 3). This follows Aspic's argument in its Claimant's Closing Brief that the arbitrator could award damages under the jury method for government contract cases. "Federal Circuit recently reiterated that: 'the ascertainment of damages is not an exact science, and where responsibility for damage is clear, it is not essential that the amount thereof be ascertainable with absolute exactness or

mathematical precision: 'It is enough if the evidence adduced is sufficient to enable a court or jury to make a fair and reasonable approximation.' *Bluebonnet Sav. Bank, F.S.B. v. United States*, 266 F.3d 1348, 1355 (Fed. Cir. 2001) (Docket 20-3, Attachment C, p. 25).

The evidence was presented and before the Arbitrator, and the Arbitrator heard ECCs' arguments before and after the arbitration. There was no refusal to hear ECC on its claims. Even if there was a waiver, it was within the Arbitrator's scope of powers to apply the jury method to approximate those damages that were waived.

This Court is not to overturn the decision of the Arbitrator because one party suffered adverse ruling. Even if there were error in the Arbitrator's award, there is no evidence that the error was due to the Arbitrator's refusal to hear anything. The Arbitrator listened to three days of testimony and argument, and then received multiple briefs from ECC. After its Partial Final Award, the Arbitrator then considered ECCs' Motion to Correct Partial Final Award and for Attorney's Fees and Costs, in which ECC reargued the points made at the hearing, and directed the Arbitrator's attention to the exact points it makes now before this Court. The Arbitrator thus considered and rejected ECCs' vigorously argued defenses. Twice. This Court should grant deference to Arbitrator's decision rather than allow ECC to relitigate the merits of the underlying decision, which decision was considered and then re-considered.

As the Ninth Circuit has explained: "'In short, perhaps [U.S. Life] did not enjoy a perfect hearing; but it did receive a fair hearing. It had notice, it had the opportunity to be heard and to present relevant and material evidence, and the decisionmakers were not infected with bias.' *Employers Ins. of Wausau*, 933 F.2d at 1491. For the above reasons, U.S. Life failed to establish that the ex parte meeting and subsequent process constituted misbehavior to its prejudice as required by § 10(a)(3)'s last prong." *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.,* 591 F.3d 1167, 1177 (9th Cir., 2010).

**B.  Scope of Powers.**

ECC also argues that the Arbitrator exceeded his power in that "the Arbitrator excused Aspic's failure to comply with its contractual requirements because the Arbitrator believed it was

Page 8 of 14                                            PETITIONER'S OPPOSITION TO RESPONDENTS'
                                                        MOTION TO VACATE THE ARBITRATION AWARD

'unreasonable' for ECC to hold Aspic to these terms." ECC additionally argues that the "Arbitrator disregarded clear, well-established law that termination for convenience costs for a construction contract must be determined based upon a 'total cost methodology.'" (ECC Motion to Vacate Final Arbitration at 11). Arbitrators exceed their powers when an arbitration award constitutes a "manifest disregard for the law" or is "completely irrational." *Comedy Club, Inc. v. Improv W. Associates,* 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.,* 358 F.3d 1187, 1193 (9th Cir. 2004)).

        1. <u>The Arbitrator's award was not made in manifest disregard of the law.</u>

ECC has not shown and cannot show that the Arbitrator's award was made in manifest disregard of the law. "'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the Arbitrators to understand or apply the law. It must be clear from the record that the Arbitrators [1] recognized the applicable law and then [2] ignored it." *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir. 1995) (internal quotations omitted). "[T]o demonstrate manifest disregard, the moving party must show that the Arbitrator 'underst[oo]d and correctly state[d] the law, but proceed[ed] to disregard the same.'" *Bosack, supra* 586 F.3d at 1104 (quoting *Collins v. D.R. Horton, Inc.,* 505 F.3d 874, 879 (9th Cir. 2007)) (alterations in original). No such evidence of this two-step manifest disregard of the law is proffered by ECC.

ECCs' discussion of this issue, of course, is designed to engage the Court in precisely the sort of legal review that courts do not undertake in confirming arbitration awards. Such an analysis, however, only highlights the extent to which the Arbitrator earnestly attempted to reach the right result in a case involving a 400-page-contract and numerous governing Federal Acquisition Regulations (FARs).

ECC complains that the Arbitrator failed to interpret ECCs' contract in the manner urged by ECC. But this is not evidence that the Arbitrator understood the law and proceeded to disregard it. Indeed, the Arbitrator's understanding of the law was made no easier by that fact that ECCs' legal position was flat wrong. ECCs' interpretation of the FAR and California law

PETITIONER'S OPPOSITION TO RESPONDENTS'
MOTION TO VACATE THE ARBITRATION AWARD

1   would erroneously apply the FARs applicable only to prime contractors to Aspic, a
2   subcontractor, while ignoring ECCs' own affirmative duties under the FAR.

3   ECCs' errors in interpretation begin with the contractual relationships among the parties.
4   To analyze ECCs' claims related to the applicability of the FARs, ECC must first address the
5   interplay of the FARs between the prime contractor and the subcontractor. The prime contract
6   was between the U.S. Army Corps of Engineers (USACE) and ECC. ECC then subcontracted
7   part of that work to Aspic. No privity exists between the U.S. and the prime contractor's
8   subcontractors. *Merritt v. United States*, 267 U.S. 338, 45 S.Ct. 278, 69 L.Ed. 643 (1925).

9   ECCs' primary duty to Aspic following a termination of contract arises from FAR
10  49.108, Settlement of Subcontract Settlement Proposals: "Contractors shall settle with
11  subcontractors in general conformity with the policies and principles relating to settlement of
12  prime contracts in this subpart and Subparts 49.2 or 49.3. However, the basis and form of the
13  subcontractor's settlement proposal must be acceptable to the prime contractor or the next higher
14  tier subcontractor." FAR 49.108-3 (a). ECCs' mandatory duty was to settle with Aspic. The
15  FARs require no similar reciprocal duty. ECC breached its duty because it never settled with
16  Aspic on either contract.

17  ECC argued before the Arbitrator, and now before this Court, that Aspic was obligated to
18  submit a claim under FAR 49.206-2, but this is not the case. It is ECCs' obligation to settle with
19  all its subcontractors, and then ECCs' duty to prepare its proposal under an accounting method
20  according to FAR 49.206-2. Similarly, FAR 52.249-2 applies to the "Contractor," not
21  subcontractors: "[T]he Contractor shall immediately . . . [t]erminate all subcontracts. . . ." FAR
22  52.249-2 (b) (3).

23  ECC suggests that the Arbitrator exceeded his powers in not applying these FARs and the
24  contract: "Application of the "inventory basis" [under FAR 49.206-2] was critical to the
25  Arbitrator's finding that ECC owed Aspic over $800,000 of termination costs under the
26  Sheberghan Subcontract. Aspic did not (and apparently could not) identify its actual costs of
27  performing the Sheberghan Subcontract up to the date work was stopped. The Arbitrator only
28

considered Aspic's alleged costs after this date." (Docket 19, ECCs' Motion to Vacate Final Arbitration at 16). ECCs' legal analysis is wrong, as it attempts to foist its obligation to settle its subcontractor's claim onto the subcontractor. No legal authority exists for the position.

If the Arbitrator made a mistake in interpreting the contract or apply the law, it was in considering whether FAR 49.206.2 had <u>any</u> applicability to the subcontractor, when the provision applies only to the claim submitted by the prime – ECC – to the USACE. FAR 49.206-2 is inapplicable to subcontractors. ECC alone had the affirmative duty to settle under FAR 49.108-3. ECC breached that duty. Therefore, Aspic is entitled to its provable damages under California law.

Further, even were this Court to review the Arbitrator's alleged error of law, and this Court were to find that FAR 49.206-2 applied to Aspic, the Arbitrator's ultimate determination concerning use of the inventory basis of accounting was legally correct. FAR 49.206-2 (a) states: "(1) Use of the inventory basis for settlement proposals is preferred." FAR 49.206-2 (b) (1) states: "When use of the inventory basis is not practicable or will unduly delay settlement, the total-cost basis (SF 1436) may be used if approved in advance by the TCO. . . ." By its own terms, then, FAR 49.206-2 makes clear that the inventory method is preferred.

The Arbitrator also found that the USACE ordered ECC to use the inventory method: "Various communication between the parties and between USACE and ECC indicated that the Inventory Method should be used." (Docket 17, p 21 of 628, Petition Exh p. 2) The Arbitrator's finding that the USACE compelled ECC to use the inventory method was therefore, correct; the Arbitrator did not exceed his powers in so finding. And again, even had the Arbitrator been mistaken on this issue, such mistake would in no way prove that he understood and correctly stated the law, but then proceeded to disregard it. ECC has not shown that the Arbitrator acted in manifest disregard of the law.

2. The Arbitrator's award was not "irrational."

ECC also complains that the Arbitrator's award was irrational. An award is completely irrational if it *fails* to draw its essence from the agreement. *Comedy Club, supra,* 553 F.3d at

PETITIONER'S OPPOSITION TO RESPONDENTS'
MOTION TO VACATE THE ARBITRATION AWARD

1288. "An arbitration award 'draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions.'" *Lagstein v. Certain Underwriters at Lloyd's, London,* 607 F.3d 634, 642 (9th Cir. 2010) (quoting *Bosack, supra,* 586 F.3d at 1106.) This standard is satisfied if the Arbitrator is arguably interpreting the contract and that interpretation is "plausible." *See id.* at 643; *Sheet Metal Workers Int'l Ass'n v. Arizona Mechanical & Stainless, Inc.,* 863 F.2d 647, 653 (9th Cir. 1988) ("as long as the Arbitrator[s are] even arguably construing or applying the contract and acting within the scope of [their] authority, that a court is convinced that [they] committed a serious error does not suffice to overturn [their] decision").

As discussed above, the Arbitrator's findings provide evidence that he acted diligently to understand and rely upon the long and complex contract governing the transactions between ECC and Aspic. There is no evidence that his decision was not based on a "plausible" interpretation of the contract, even if that interpretation was not the same as ECCs' or Aspic's. Moreover, to the extent that the Arbitrator may have misconstrued the law and FARs, that misinterpretation was in ECCs' favor, reducing its obligations under the contract. Accordingly, ECC cannot show any prejudice.

ECC argues that the Arbitrator's award was irrational because "[T]he Arbitrator recognized that the Subcontracts included "detailed" provisions regarding how to determine termination costs after a termination for convenience as well as a "pay when / if paid" clause. Initial Award at 2. The Arbitrator simply refused to enforce these terms. " (Docket 19, ECCs' Motion to Vacate Final Arbitration at 13).

The contract at paragraph 7.1. e. states:

> 7.1 e. Payment from Client is Condition Precedent to Payment to Subcontractor. Subcontractor shall bear the risk of nonpayment by Client for any or all of its Work. ECCl shall have no obligation to make any payment to Subcontractor for any interim or final invoice or payment application, or any part thereof, until such time as ECCl has first received payment for such work or services from its Client, and **to the extent permissible by applicable State law**, receipt of such prior payment by ECCl from Client is an absolute condition precedent to any

> payment otherwise being due or owed to Subcontractor by ECCI.(emphasis added)  (Docket 17 p. 43 of 628, Petition Exh 3. p. 22)

California Civ. Code. §§ 1434 – 1442 defines conditional obligations.

> A condition precedent is one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed. Cal. Civ. Code § 1436

> Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself; and must be able and offer to fulfill all conditions concurrent so imposed upon him on the like fulfillment by the other party, except as provided by the next section. Cal. Civ. Code § 1439

> A condition in a contract, the fulfillment of which is impossible or unlawful, within the meaning of the Article on the Object of Contracts, or which is repugnant to the nature of the interest created by the contract, is void. Cal. Civ. Code § 1441

> A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created. Cal. Civ. Code § 1442

Here ECCs' argument fails because it failed to present evidence to show that it fulfilled its preliminary obligations to submit those bills for payment, that all of the invoices claimed were reimbursable, and that the three year delay in payment did not make the make the payment impossible or a forfeiture. It is ECCs' duty to show that it has fulfilled all of the contractual and statutory requirements, before it can impose that condition on Aspic. ECC failed to produce that evidence, and therefore the Arbitrator's decision is not irrational.

Finally, Aspic's contractual obligations must be considered in conjunction with ECCs' duty to settle, which was mandatory and primary. ECC cannot be heard to complain, given that it made no attempt to satisfy that duty by settling or negotiating the resolution of Aspic's claims. FAR 49.108-3. ECCs' suggestion that the Arbitrator's decision was irrational is without merit. The Arbitrator interpreted the parties' agreement in light of the parties' acts and conduct, and that interpretation is plausible. Therefore, the Arbitrator acted well within his powers.

**IV.  CONCLUSION**

This Court should deny ECCs' motion to vacate, confirm the primary award, and correct the award to include attorney's fees commanded by the contract, which correction may be made without affecting the merits of the decision.

Respectfully Submitted,

February 24, 2017,

*by Walt Pennington*
Walt Pennington (#214470)
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com
*Attorney for Aspic Engineering and Construction Company, Petitioner*