UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPIC ENGINEERING AND CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ECC CENTCOM CONSTRUCTORS, LLC AND ECC INTERNATIONAL, LLC,<br><br>Defendants. | Case No. 17-cv-00224-YGR<br><br>**ORDER GRANTING MOTION TO VACATE JUDGMENT; DENYING MOTION TO STAY EXECUTION OF JUDGMENT** |

Defendants ECCI Intentional, LLC and ECC CENTCOM Constructors (collectively "ECC") bring this motion to vacate a judgment of the Superior Court of California for San Mateo County confirming and correcting an arbitration award (the "State Court Judgment") which was entered before this case was removed to federal court. (Dkt. No. 22.) Plaintiff Aspic Engineering and Construction Company ("Aspic") does not oppose the motion. ECC also moves to stay execution of the State Court Judgment pending resolution of the motion to vacate judgment. (Dkt. No. 34.)

The parties have stipulated that this Court shall "correct, modify or vacate the judgment that was entered in the Superior Court . . . ." (Dkt. No. 16 ¶ 7.) The primary issue is whether this Court has jurisdiction to vacate the final State Court Judgment. Having carefully considered the parties' fully-briefed motions, and for the reasons set forth below, the Court **GRANTS** the parties' motion and **VACATES** the State Court Judgment. Accordingly, the Court **DENIES** as moot ECC's motion to stay execution of the State Court Judgment.

**I.    Relevant Background**

On September 25, 2015, Aspic brought an arbitration claim against ECC seeking roughly $2.3 million for its costs of partially performing under certain subcontracts, profit, and attorneys' fees.

1

(Dkt. No. 20-3, Aspic Posthearing Brief at 6.) On November 14, 2016, the arbitrator issued a final award to Aspic and against ECC in the amount of $1,072,520.90. (Dkt. No. 20-9, Final Award at 1.)

On December 28, 2016, Aspic petitioned the California Superior Court for San Mateo County for an order confirming in part and correcting in part the arbitration award.

On December 30, 2016, Judge Richard C. Livermore entered a form of judgment for Aspic on all of its requests except for the precise lodestar multiplier, which was notably left blank. (Dkt. No. 1, Order Confirming and Correcting the Arbitration Award and Entry of Judgment.)

On January 1, 2017, Judge Livermore's term ended.

On January 10, 2017, a summons was issued to ECC by the clerk of the superior court, eleven days later *after* the State Court Judgment was entered.

On January 13, 2017, ECC filed an *ex parte* application to vacate the State Court Judgment, contending that the State Court Judgment was entered in error because (i) ECC was never served with Aspic's petition, (ii) an arbitration award cannot be corrected unless a petition has been duly served and filed under California Code of Civil Procedure Sections 1286.4 and 1286.8, (iii) the minimum time for ECC to respond had not yet run under California Code of Civil Procedure Section 1290.6 when the judgment was entered, and (iv) a summons was issued to ECC eleven days *after* the state court entered judgment for Aspic. (*See* Dkt. No. 1, Summons (Citation Judicial); Ex Parte Application at 1).

The superior court denied the application on January 13, 2017, starting that a notice motion was required. (Dkt. No. 1, Denied Order Vacating Order Confirming and Correcting The Arbitration Award And Entry Of Judgment.) ECC removed the case to this Court on January 17, 2017, because it apparently "did not have sufficient time to have a notice motion in advance of the removal deadline." (Motion to Vacate Judgment at 3.)

The parties concur that the State Court Judgment was entered in error. (Dkt. No. 16, Parties Joint Stipulation ¶ 7.)

///

///

///

## II. Discussion

### a. *Rooker-Feldman* doctrine

The Court begins by analyzing whether it has jurisdiction to review the State Court Judgment. Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to exercise appellate review over final state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) (holding that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings"). However, the Supreme Court has held that "*Rooker-Feldman* . . . is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (*quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

*Rooker–Feldman* does not bar a federal district court from "proper exercise of its jurisdiction to manage its cases" even if this "has the secondary effect of voiding a state court determination." *In re Diet Drugs*, 282 F.3d 220, 242 (3d Cir. 2002). For example, when a case is removed from state to federal court, *Rooker-Feldman* does not prohibit the federal district court from reviewing a prior state court judgment because "the filing of a notice of removal in the state court terminates the state court's jurisdiction over the matter." *Holmes v. AC & S, Inc.,* 388 F. Supp. 2d 663, 667 (E.D. Va. 2004). The district court's jurisdiction to review such judgments is further evidenced by 28 U.S.C. Section 1450, which authorizes district courts to dissolve or modify state court orders entered prior to removal. Pursuant to Section 1450, ". . . orders, and other proceedings . . . prior to [a state court action's] removal shall remain in full force and effect *until* dissolved or modified by the district court." (Emphasis supplied.)

The Court thus finds that it has jurisdiction to review the State Court Judgment because (i) the state court action at issue was removed to federal court, and (ii) 28 U.S.C. Section 1450 authorizes federal courts to vacate state court orders following removal. *See Holmes,* 388 F. Supp. 2d at 667.

//

//

3

United States District Court
Northern District of California

b. Grounds for vacating judgments under the Federal Rules

The Court now turns to whether there are grounds for vacating the State Court Judgment. Federal courts sitting in diversity must apply substantive state law and procedural federal law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The requirements for vacating a final judgment are procedural in nature because such requirements merely regulate "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *See Sibbach v. Wilson & Co.,* 312 U.S. 1, 14 (1941). Thus, federal law applies to this motion.

Pursuant to Federal Rule of Civil Procedure 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment . . . ." Section 60(a) has been applied primarily to situations involving clerical "blunder" and oversight. *See Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297-99 (9th Cir. 2014); *Blanton v. Anzalone*, 813 F.2d 1574, 1576-77 (9th Cir. 1987). At least one federal court has specifically found that a district court may correct clerical mistakes in removed state court actions under Rule 60(a). *Holmes*, 488 F. Supp. 2d at 669.

Here, the parties agree that the State Court Judgment was a clerical mistake.[1] The Court concurs for myriad reasons: first, the State Court Judgment was stamped *a mere two days* after Aspic filed its petition. Notably, this occurred *before* the minimum time to respond under California Code of Civil Procedure Section 1290.6 had elapsed and before a summons had been issued, much less proper service. This latter event did not occur for another eleven days later, substantially *after* the State Court Judgment was entered. Further, the form of judgment was not prepared by the superior

---

[1] The parties alternately invite the Court to declare the State Court Judgment void pursuant to Rule 60(b)(4). Section 60(b)(4) allows federal courts to vacate judgments which are "void." Fed. R. Civ. P. Section 60(b)(4). A judgment is void in "rare instances where a judgment is premised . . . on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). The Court declines because reviewing whether the State Court Judgment is "premised . . . on a violation of due process that deprives a party of notice or the opportunity to be heard," *United Student Aid Funds,* 559 U.S. 260 at 271, is precisely the type of "appellate review over final state court judgments" which *Rooker-Feldman* forbids. *Rooker*, 263 U.S. at 415-16; *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) (holding that the doctrine applies where a federal plaintiffs complains of "harm caused by a state court judgment that . . . based on an allegedly erroneous ruling by that court").

4

court judge. Rather, the form contains a stamp signature and left blank the multiplier for the attorneys' fees. Notably, it was also entered just prior to the expiration of the judge's term at the end of the year.

Based upon all of these factors, the Court thus finds that the State Court Judgment was entered by mistake pursuant to Rule 60(a). Accordingly, the parties' motion to vacate judgment is **GRANTED**.

### III. Conclusion

The Court finds that it has jurisdiction to review the State Court Judgment. Because the State Court Judgment was entered by mistake, it may be properly vacated pursuant to Rule 60(a). Therefore, the Court **GRANTS** the parties' motion and **VACATES** the State Court Judgment.

Accordingly, the Court **DENIES** as moot ECC's motion to stay execution of the State Court Judgment.

This terminated Docket Numbers 22 and 34.

**IT IS SO ORDERED.**

**DATED:** May 25, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**