1  ANDREW S. AZARMI (SBN 241407)
   andrew.azarmi@dentons.com
2  DENTONS US LLP
   One Market Plaza
3  Spear Tower, 24th Floor
   San Francisco, California 94105
4  Telephone:   415.267.4000
   Facsimile:   415.267.4198
5
   JOSEPH G. MARTINEZ (admitted *pro hac vice*)
6  joe.martinez@dentons.com
   DENTONS US LLP
7  1400 Wewatta Street
   Suite 700
8  Denver, Colorado 80202
   Telephone:   303.634.4371
9  Facsimile:   303.634.4400

10 Attorneys for Defendants ECC CENTCOM
   Constructors, LLC and ECC International, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ASPIC ENGINEERING AND CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ECC CENTCOM CONSTRUCTORS, LLC AND ECC INTERNATIONAL, LLC,<br><br>Defendants. | Case No. 4:17-cv-00224-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**NOTICE OF MOTION AND MOTION TO REQUIRE PLAINTIFF TO ORDER TRANSCRIPT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   October 17, 2017<br>Time:   2:00 pm<br>Place:  1301 Clay Street<br>        Courtroom 1, 4th Floor<br>        Oakland, California |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**NOTICE IS HEREBY GIVEN** that, on October 17, 2017 at 2:00 pm in the above-captioned Court, located at 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, California, Defendants and Arbitration-Respondents, ECC CENTCOM Constructors, LLC and ECC International, LLC, will and hereby do jointly move the Honorable Yvonne Gonzalez Rogers, United States District Judge, pursuant to Federal Rule of Appellate Procedure 10(b)(3)(C), to require Plaintiff to order the transcript designated by Defendants (ECF No. 49) for the pending appeal before the Ninth Circuit Court of Appeals. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the papers and records on file in this case, and such oral argument as may be presented at any hearing.

Under the Federal Rule of Appellate Procedure and the Circuit Rules of the United States Court of Appeals for the Ninth Circuit (the "Circuit Rules"), Appellant (Plaintiff), Aspic Engineering and Construction Company ("Aspic"), is required to order and pay for the transcript designated by both parties unless Aspic demonstrates to this Court that the transcript designated by Appellee (Defendant), ECC CENTCOM Constructors, LLC AND ECC International, LLC (collectively "ECC"), is "unnecessary" to the pending appeal. Aspic has wholly ignored the procedure set forth in the Circuit Rules. More importantly, the transcript ECC designated is relevant to the appeal and, therefore, Aspic has no basis not to order this transcript as required by Federal Rule of Appellate Procedure 10 and Circuit Rule 10-3(d). Pursuant to Federal Rule of Appellate Procedure 10(b)(3)(C), ECC respectfully requests the Court require Aspic to order the transcript designated by ECC (ECF No. 49).

## I. DISCUSSION

The Federal Rules of Appellate Procedure and the Circuit Rules establish the process for the designation of District Court transcripts for use in appeals before the Ninth Circuit. Specifically, the Circuit Rules required Aspic to serve on ECC a designation of the transcripts Aspic intended to rely upon in its appeal. Cir. R. 10-3(a). ECC, in turn, was to be provided an opportunity to serve on Aspic any additional transcript designations ECC believed were required. Cir. R. 10-3(b). Aspic was then required to "order all portions of the transcript listed by <u>both</u> appellant and appellee." Cir. R. 10-3(d) (emphasis added). Aspic was also required to "make arrangements with the court reporter to pay for these additional portions unless appellant certifies that they are unnecessary to the appeal and explains why not." Cir. R. 10-3(f). The Court would then determine which party is required to pay for the transcript. *Id.*

Aspic simply ignored these procedures. Aspic did not engage in the required exchanges with ECC to determine the transcript both parties sought to designate let alone order the transcript designated by ECC. Instead, on August 28, 2017, Aspic unilaterally filed a designation stating that no transcript would be designated (ECF No. 48). On September 7, 2017, ECC notified Aspic that ECC intended to designate the transcript from the Court's July 11, 2017 hearing on the motions that are at issue in the appeal and requested that Aspic order this transcript as required by

the Circuit Rules. Aspic refused.

In light of the foregoing, ECC respectfully requests this Court require Aspic to order the transcript designated by ECC pursuant to Federal Rule of Appellate Procedure 10(b)(3)(C), which provides in relevant part that ECC may "move in the district court for an order" requiring Aspic to order the transcript.[1] This relief is appropriate for two reasons.

First, under the Circuit Rules, it was incumbent upon Aspic—not ECC—to come to the Court to request relief from ordering the transcript designated by ECC. In the absence of such relief, the Circuit Rules require Aspic to order and pay for the transcript as designated by both parties.

Second, ECC designated the transcript from the Court's July 11, 2017 hearing regarding the parties' respective Motion to Vacate the Arbitration Award and Motion to Confirm the Arbitration Award. The Court's resolution of these motions is the subject of Aspic's appeal. Thus, the transcript is part of the record on appeal. Fed. R. App. P. 10(a)(2). Moreover, during the hearing, the parties made stipulations and admissions regarding the applicability of California or federal law and the contents of the parties' contracts. Finally, the hearing is part of the record regarding what arguments were raised or not raised and, therefore, waived on appeal. The transcript designated by ECC is necessary to the appeal and there is no basis to relieve Aspic of its obligation under the Circuit Rules to order and pay for the transcript.

## II. CONCLUSION

Pursuant to Federal Rule of Appellate Procedure 10(b)(3)(C), ECC respectfully requests the Court require Aspic to order the transcript designated by ECC (ECF No. 49).

---

[1] ECC acknowledges its obligation to order and pay for the transcript ECC designated if the Court does not require Aspic to order the transcript pursuant to this motion.

| | | |
|---|---|---|
| 1 | DATED: September 12, 2017 | DENTONS US LLP |
| 2 | | |
| 3 | | By: *s/ Joseph G. Martinez* |
| 4 | | Andrew S. Azarmi |
| 5 | | Joseph G. Martinez |
| 6 | | Attorneys for Defendants ECC CENTCOM Constructors, LLC and ECC International, LLC |

105014609\V-1