UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ASPIC ENGINEERING AND CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ECC CENTCOM CONSTRUCTORS, LLC AND ECC INTERNATIONAL, LLC,<br><br>Defendants. | Case No. 17-cv-0224-YGR<br><br>**ORDER GRANTING MOTION TO REQUIRE PLAINTIFF TO ORDER TRANSCRIPT** |
|---|---|

By way of background, on July 18, 2017, the Court granted defendants' motion to vacate final arbitration award and denied plaintiff's motion to confirm and correct the arbitration award. (Dkt. No. 42.) Plaintiff filed a timely notice of appeal on July 26, 2017. (Dkt. No. 46.) Now before the Court is defendants' motion to require plaintiff to order and pay for the transcript of this Court's July 11, 2017 hearing on those respective motions which defendants designated on appeal. (Dkt. No. 50.) Having carefully considered the pleadings and the papers submitted on this motion, and for the reasons set forth below, defendants' motion is **GRANTED.**

Fed. R. App. P. 10(a) provides that the "record on appeal" is comprised of "(1) the original papers and exhibits filed in the district court; (2) *the transcript of proceedings, if any*; and (3) a certified copy of the docket entries prepared by the district clerk." (Emphasis supplied.) An appellant must "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary." Fed. R. App. P. 10(b)(1). Fed. R. App. P. 10(b)(3) provides, in relevant part, that:

> unless the entire transcript is ordered . . . (B) if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered; and (C) unless within 14 days after service of that designation the appellant has ordered

1

> all such parts, and has so notified the appellee, the appellee may within the
> following 14 days either order the parts or move in the district court for an order
> requiring the appellant to do so. . . .

Fed. R. App. P. 10(b)(3). Similarly, under the Ninth Circuit Local Rules, an appellant is required to "order all portions of the transcript listed by both appellant and appellee." Cir. R. 10-3(d). An appellant must also "make arrangements with the court reporter to pay for these additional portions unless appellant certifies that they are unnecessary to the appeal and explains why not." Cir. R. 10-3(f).

Here, defendant/appellees timely designed the transcript of this Court's proceedings as part of the record on appeal. (*See* Dkt. No. 49.) Plaintiff/appellant was thus required to order a transcript of the same by September 25, 2017. *See* Fed. R. App. P. 10(b)(3); Cir. R. 10-3(d), (f). Plaintiff/appellant argues that "Federal Rule of Appellate Procedure Rule 10(b)(3)(B) requires that Defendant-Appellee make some showing of where Defendant-Appellee would use the requested transcript in a *de novo* hearing." (Dkt. No. 52 at 1.) Plaintiff/appellant does not persuade, as Rule 10(b)(3)(B) states no such requirement and plaintiff has cited no authority which indicates otherwise. Similarly, plaintiff/appellant's representation that the transcript is unnecessary because "no witnesses were sworn or testified, [and] the transcript consists solely of counsel's argument and the appeal is heard *de novo*" fails in light of the fact that during the hearing the parties made admissions regarding the applicability of California or federal law and the content of the parties' contracts. Therefore, the Court **GRANTS** defendant/appellee's motion and **ORDERS** plaintiff/appellant to order and pay for the transcript of this Court's July 11, 2017, motions hearing no later than **October 3, 2017**. After appeal, the Ninth Circuit itself will determine the issues of costs.

This terminates Dkt. No. 50.

**IT IS SO ORDERED.**

Dated: September 28, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2